In the Matter of the BOARD OF EDUCATION OF UNION FREE SCHOOL DISTRICT No. 1 OF THE TOWNS OF BETHLEHEM, COEYMANS AND NEW SCOTLAND, Appellant, against LEWIS A. WILSON, as Acting Commissioner of Education of the State of New York, Respondent.

Argued May 15, 1951; decided July 11, 1951.

*Andrew Wright Lent* for appellant. I. The denials of the amended answer are ineffectual. (*Linton* v. *Unexcelled Fireworks Co.,* 124 N. Y. 533; *Barton* v. *Griffin,* 36 App. Div. 572; *McEncroe* v. *Decker,* 58 How. Prac. 250; *Strauss* v. *Trotter,* 6 Misc. 77; *Hardenburgh* v. *Fish,* 61 App. Div. 333; *Wood* v. *Scudder,* 155 App. Div. 254; *Lion Brewery* v. *Loughran,* 223 App. Div. 623; *Emery* v. *Baltz,* 94 N. Y. 408.) II. There are not " statements of new matter " in the answer by way of defense (Civ. Prac. Act, § 1291). (*Standard Sewing Mach. Co.* v. *Kattell,* 132 App. Div. 539.) III. The amended answer is fatally defective in that it does not " set forth such facts as may be pertinent and material to show the grounds of the action taken by the respondent which is complained of ".

(*Matter of Gardiner* v. *Harnett,* 255 App. Div. 106; *Matter of Doherty* v. *McElligott,* 258 App. Div. 257; *Matter of Maresca* v. *McElligott,* 262 App. Div. 179; *Matter of Ackerman* v. *Kern,* 256 App. Div. 626; *Matter of Bd. of Educ. of Central School Dist. No. 1,* 264 App. Div. 974; *Matter of Sitts* v. *Mealey,* 173 Misc. 82.) IV. If the denials are good, there were triable issues of fact presented to the court. (*Blackburn* v. *Clements,* 272 App. Div. 1098.) V. The statute does not empower the Commissioner of Education to take away any part of an existing school district. (*People ex rel. Bd. of Supervisors* v. *Travis,* 184 App. Div. 730; *Matter of Dwyer,* 192 App. Div. 72; *Matter of New York & Brooklyn Bridge,* 72 N. Y. 527; *People ex rel. Gilmour* v. *Hyde,* 89 N. Y. 11.) VI. The power to change an existing district cannot be sustained as an implied power. (*Lawrence Constr. Co.* v. *State of New York,* 293 N. Y. 634; *People ex rel. City of Olean* v. *Western New York & P. T. Co.,* 214 N. Y. 526; *Saltser & Weinsier, Inc.,* v. *McGoldrick,* 295 N. Y. 499; *Matter of Morrissey* v. *State Employees' Retirement System,* 298 N. Y. 442; *Matter of City of New York* [*Furman St.*], 275 App. Div. 948.)

*Richard W. Lent* for Board of Education of Union Free School District No. 1 of the Towns of Neversink and Fallsburgh, Sullivan County; Denning, Wawarsing and Rochester, Ulster County, *amicus curiæ,* in support of appellant's position. The statute cannot be construed to give to the commissioner the power to divide a district without violating the principles of constitutional construction. (*Plymouth Coal Co.* v. *Pennsylvania,* 232 U. S. 531; *Hathorn* v. *Natural Carbonic Gas Co.,* 194 N. Y. 326.)

*Charles A. Brind, Jr.,* for respondent. I. The Commissioner of Education acted within his express statutory power in laying out the central school district. (*Gardner* v. *Ginther,* 232 App. Div. 296, 257 N. Y. 578.) II. The commissioner has not acted arbitrarily or capriciously in making the order here under review. (*Bramley* v. *Miller,* 270 N. Y. 307; *Lair* v. *Grant,* 137 Misc. 470; *Gardner* v. *Ginther,* 232 App. Div. 296, 257 N. Y. 578; *Matter of Donlan* v. *Spaulding,* 196 Misc. 173.) III. The answer is sufficient.

*John W. Manning* for Former Union Free School District No. 1 of the Town of Coeymans, Albany County, and another, *amici curiæ,* in support of respondent's position. The order dismissing the petition should be affirmed. (*Bullock* v. *Cooley,* 225 N. Y. 566.)

FROESSEL, J. Petitioner seeks in this article 78 proceeding to set aside or modify a determination of the State Commissioner of Education whereby Central School District No. 1 of the Towns of Coeymans and New Scotland, Albany County, and New Baltimore, Greene County, was laid out, pursuant to the provisions of section 1801 of article 37 of the Education Law. Special Term dismissed the petition on the merits, and the Appellate Division unanimously affirmed.

A knowledge of the background out of which the controversy arose is essential to a consideration of the contentions raised. The disposition of former Common School District No. 2 (hereinafter called District No. 2) of the Town of Coeymans lies at at the heart of the dispute. That district embraces the Castleton Bridge of the New York Central Railroad, having a substantial assessed valuation.

On February 8, 1947, voters of nine *common school districts,* among them District No. 2, petitioned their trustees to take action to consolidate said districts into a union free school district. Thereafter and on March 10, 1947, the legal voters of said school districts voted for the formation of such union free school district, which is the petitioner herein. Prior to the vote upon such consolidation, however, and on February 26, 1947, the district superintendent made an order dissolving District No. 2, and annexing its territory to the adjoining Union Free School District No. 1 of the Town of Coeymans. Much litigation followed over the status of the district, including a taxpayer's action which reached this court (*Blackburn* v. *Clements,* 297 N. Y. 971), and in which we dismissed the complaint on the ground that such action did not lie as against a school district.

Following the order of the district superintendent, District No. 2 voted to object thereto, an appeal was taken by said district, and a committee was duly appointed by the County Judge of Albany County pursuant to the statute (Education

Law, formerly § 128, now § 1505). That committee duly affirmed the order of the district superintendent. Upon further appeal to the Commissioner of Education, the order was again affirmed on June 24, 1949. Petitioner's district was not officially designated as a district by the district superintendent until shortly after time to appeal from the order dissolving District No. 2 had expired, and it took no part in that appeal, but District No. 2 did participate throughout.

On May 25, 1949, the order now before us which created the central school district was made by the commissioner. That order provided that said central school district should include District No. 2 "as it existed on December 1, 1946, whether the same is now part of Union Free School District No. 1 aforesaid [to which it was transferred by order of the district superintendent] or part of" petitioner's district.

We come then to the contentions of petitioner. There is no merit whatever in its assault upon respondent's amended answer, and we agree with Special Term that it sufficiently raises "the essential issues of this proceeding, viz., the power of the commissioner to make the order and whether he acted capriciously and arbitrarily in so doing." (196 Misc. 239, 245.)

Petitioner's attack upon the order creating the central school district is based fundamentally upon the assumption that the order of the district superintendent was null and void, and that District No. 2 was and now is part of petitioner's district. On that basis it is urged that (1) the Commissioner of Education does not have the power to lay out a central school district in such fashion as to incorporate therein only part of an existing district; (2) if any statute purports to give him such power, it is unconstitutional; (3) even if the commissioner has such power, it was arbitrarily and capriciously exercised in this case. However, inasmuch as the district superintendent's order of dissolution and annexation of District No. 2 was upheld on appeal (Education Law, §§ 310, 1505), and the matter was one affecting the administration of the educational system, said determination is final, so far as petitioner, a member of that system, is concerned (*Barringer* v. *Powell,* 230 N. Y. 37; *Bullock* v. *Cooley,* 225 N. Y. 566; Education Law, § 310).

Assuming, however, that we may now review the decision of the Commissioner of Education on that issue, petitioner's position is without foundation. It is well recognized that the administration of the school system requires that there be centralized authority, since education is a State interest (*Gardner* v. *Ginther,* 232 App. Div. 296, affd. 257 N. Y. 578; Report of Joint Legislative Committee on the State Educational System, N. Y. Legis. Doc., 1947, No. 25, pp. 10–12; N. Y. Const., art. XI, § 1). The contention of petitioner that, because preliminary action has been taken by the local district to consolidate, the district superintendent was deprived of his statutory power to dissolve the district, and that the voters of the district may therefore treat his order as a nullity, and thus impose their will and discretion upon the State officials, whom the Legislature has invested with broad powers over all education, is without merit. The Commissioner of Education rightly held, on the appeal taken by District No. 2, that such was not the intention of the Legislature.

While we have held that the action of the district superintendent in designating a district formed by voluntary consolidation is ministerial, without more, and he may be compelled to execute the order as presented to him (*City of New York* v. *Porter,* 299 N. Y. 587), that case lacked important features present here. In the instant case, the district superintendent had taken discretionary action within the scope of his statutory powers in dissolving the district *before* the meeting at which the vote was taken, and his order designating petitioner as a union free school district gave that reason as the ground for his refusal to include District No. 2 as part of petitioner. It follows that District No. 2 never became a part of petitioner, and petitioner thus has no standing to question the act of the Commissioner of Education in incorporating that territory into the new central school district.

Even if that were not so, we see no merit in the remaining contentions of petitioner. Sections 1501–1509 of the Education Law deal with *alteration* of district boundaries by district superintendents, and have no relation to the laying out of central school districts, which is provided for by article 37 (Education Law, § 1801). Section 1801 empowers the Commissioner of

Education '' to lay out central school districts  *  *  *  and to fix, determine and define the boundaries '' thereof. Subdivision 2 of this section empowers him to lay out *territory* in new central school districts or to annex to existing central school district *territory* not contained within a city school district. Subdivision 3 provides for notice to each school district, the '' territory of which is affected '' by his order. Section 1802 provides for notice of organization meetings to voters of the central school district to be posted '' in each school district *wholly or partly* within the central school district '' (emphasis supplied), and subdivision 2, dealing with annexation, again refers to school districts '' affected ''. (See, also, Education Law, § 1803-a, added by L. 1950, ch. 801; and see Report of Joint Legislative Committee, *supra,* pp. 457, 855). The statutes thus clearly grant power to the commissioner to include *all or part* of an existing district within a central school district laid out by him.

As to the commissioner's authority, the Constitution of this State empowers the Legislature to '' provide for the maintenance and support of a system of free common schools, wherein all the children of this state may be educated '' (N. Y. Const., art. XI, § 1); the Legislature has charged the Department of Education '' with the general management and supervision of all public schools and all of the educational work of the state ''; and the chief administrative officer of the Department of Education is the commissioner (N. Y. Const., art. V, §§ 2, 4; Education Law, §§ 101, 301). The constitutionality of section 1801 has already been passed upon by this court (*Gardner* v. *Ginther, supra*). In respect of the subject matter under consideration, the practice of the Legislature for well over a century to leave to administrative officers the creation of school districts must be held to establish the propriety of such practice. And if indeed there were any delegation of legislative as distinguished from administrative power, it has been accompanied by standards for its exercise. The commissioner is to lay out '' only territory of suitable size conveniently located for the attendance of pupils and having a sufficient number of pupils for the establishment of a central school '' but not territory '' contained within a city school district in a city having a population of more than five [now ten] thousand inhabitants '' (Education Law, § 1801,

subd. 2). There is therefore no basis for the contention that the power given to the commissioner constitutes an unlawful delegation of legislative power.

With respect to the claim that petitioner has been damaged by being deprived of part of its territory in contravention of its rights as a municipal corporation, it may be answered that a school district, though defined as a municipal corporation under section 3 of the General Corporation Law, has no territorial integrity; it is always subject to the reserved power of the State, exercised through its administrative officers in the Education Department, to change its territory according to current educational needs and good educational principles (*Board of Educ. of Union Free School Dist. No. 6* v. *Board of Educ. of Union Free School Dist. No. 7*, 76 App. Div. 355, affd. 179 N. Y. 556).

The contention that the action of the commissioner results in reducing the security for bonds issued by the district from which territory is taken has also been considered in the past and rejected, chiefly on the ground that the school district has no standing to complain, since any such damage is not the school district's but its bondholders' or taxpayers' (*Board of Educ. of Union Free School Dist. No. 6* v. *Board of Educ. of Union Free School Dist. No. 7, supra*). It follows that petitioner has failed to raise any valid constitutional objection to the exercise of the challenged power of the commissioner.

Petitioner's final claim that the commissioner's order is an arbitrary and capricious act is utterly without merit, as is shown quite decisively by the following facts: (1) the commissioner carried out precisely the recommendation of the Joint Legislative Committee; (2) the determination of the district superintendent of schools; (3) the decision of the committee appointed by the County Judge of Albany County; (4) the three-to-one vote of the inhabitants of the territory favoring organization of the central school district; (5) the commissioner's own investigation, and (6) the additional facts appearing in this record, as, for example, for nineteen years prior to annexation, District No. 2 did not maintain a district school, but had contracted with the district to which it was annexed by the district superintendent's order for the instruction of its pupils; the superior

advantages of the new arrangement in many ways, such as better transportation facilities, kindergarten and high school opportunities, and improved school buildings.

Accordingly, the order of the Appellate Division should be affirmed, without costs.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, DYE and FULD, JJ., concur.

Order affirmed.