In the Matter of the BOARD OF EDUCATION OF UNION FREE SCHOOL DISTRICT NO. 1 OF THE TOWNS OF NEVERSINK AND FALLSBURGH, SULLIVAN COUNTY, AND DENNING, WAWARSING AND ROCHESTER, ULSTER COUNTY, Petitioner, against LEWIS A. WILSON, as Commissioner of Education of the State of New York, Respondent. (Two Proceedings.)

Supreme Court, Special Term, Albany County, December 6, 1952.

*Charles A. Brind, Jr.*, for respondent.

*Richard W. Lent* for George B. Smith, intervener.

*Andrew Wright Lent* for petitioner.

*Lounsberry & Lonstein* for Central School District No. 2. Towns of Wawarsing and Rochester, Ulster County, Mamakating and Fallsburgh, Sullivan County.

ELSWORTH, J. Respondent Commissioner of Education has moved to dismiss as matter of law the petition in the above proceedings brought under article 78 of the Civil Practice Act, and also to dismiss the application of George B. Smith to intervene as a party petitioner.

In the proceedings, the petitioner Board of Education seeks to review an order of the Commissioner of Education laying out Central School District No. 2 of the Towns of Wawarsing and Rochester, Ulster County, and Mamakating and Fallsburgh, Sullivan County, by which there was incorporated in said district that portion of Union Free School District No. 1 of the Towns of Neversink, and Fallsburgh, Sullivan County, Denning, Wawarsing and Rochester, Ulster County, which was formerly embraced in Common School District No. 24 of the Town of Wawarsing. Included within the bounds of said former district No. 24 is the highly valuable Merriman Dam owned by the City of New York.

Petitioner contends (1) that the Commissioner of Education had no power in laying out a central school district to divide an existing district and (2) that even if he had such power, it was abused in this instance where 68% of the tax base of the district was taken away so as to materially affect taxpayers and bondholders. *Matter of Bethlehem Union Free School Dist.* v. *Wilson* (303 N. Y. 107) is decisive of the issues here presented. In that case the Court of Appeals held that the commissioner had the power in laying out central school districts to include all or part of an existing school district. It also, in very explicit language, expressed adherence to the proposition that the school district had no standing to complain if the security for bonds issued by the district from which the territory has been taken, had been reduced '' since any such damage is not the school district's but its bondholders' or taxpayers'.'' (P. 115.)

George B. Smith is a resident and taxpayer of the petitioning district. He seeks to intervene on his own behalf and that of all other taxpayers of said district. It is his contention that because of the decision of the Court of Appeals in the above case that he can no longer rely on the school district to protect his interest as a taxpayer and that he should personally be allowed to intervene. He was free to begin a timely proceeding to review but did not do so. It has long been established that a school district cannot raise the issue that its inhabitants would be obliged to pay a larger tax for the purpose of liquidating outstanding indebtedness because of the transference of

568

territory. (*Board of Educ. of Union Free School Dist. No. 6* v. *Board of Educ. of Union Free School Dist. No. 7*, 76 App. Div. 355, affd. 179 N. Y. 556.) Consequently, the applying intervener was not justified in waiting until the Court of Appeal's decision in *Matter of Bethlehem Union Free School Dist.* v. *Wilson* (*supra*) before seeking relief. Furthermore, since the proceeding itself must be dismissed, it would be anomalous to permit intervention in a dismissed proceeding.

The motion of respondent Commissioner of Education is granted.

The motion of George B. Smith as intervener is denied.

Submit orders.