■ RALPH MONACO et al., Appellants, v. JAMES E. ALLEN, JR., as Commissioner of Education of the State of New York, et al., Respondents, and BOARD OF EDUCATION OF UNION FREE SCHOOL DISTRICT No. 1 OF THE TOWNS OF BETHLEHEM, COEYMANS AND NEW SCOTLAND, ALBANY COUNTY, Appellant-Respondent.— Appeal by plaintiffs from an order of the Supreme Court at Special Term, entered in Albany County on December 20, 1956, which granted defendants' motion to dismiss the complaint; and, appeal by defendant Board of Education of Union Free School District No. 1 of the Towns of Bethlehem, Coeymans and New Scotland from an order of the same court entered the same day, which denied its motion for an order to strike out the appearance of its attorney of record, Peter L. Fulvio, and to direct the substitution of Andrew Wright Lent in his place and stead. The complaint seeks a declaratory judgment: (1) that section 1801 of the Education Law is unconstitutional in

that it delegates legislative powers to the Commissioner of Education without setting forth standards for the exercise of the discretion therein conferred; (2) that the delegation of such powers is unconstitutional; and, (3) that the commissioner did not consider the convenience of attendance of pupils in his order laying out the Central School District, and that such order was arbitrary and capricious. The constitutionality of section 1801 of the Education Law has been upheld in our courts. In *Matter of Board of Educ. of Bethlehem Union Free School Dist.* v. *Wilson* (303 N. Y. 107, affg. 277 App. Div. 809), in which case the defendant-appellant in the case before us was the petitioner-appellant, the Court of Appeals passed upon the same questions now before us in the instant case, and that decision is binding upon all the parties to this action. (See, also, *Gardner* v. *Ginther*, 257 N. Y. 578, affg. without opinion 232 App. Div. 296.) Likewise, the claim that the action of the Commissioner of Education in laying out the new Central School District was arbitrary and capricious, and that the convenience of attendance of pupils was not considered, has been decided in an article 78 proceeding in which the defendant-appellant in the case now before us was the petitioner-respondent. (*Matter of Board of Educ. of Union Free School Dist.* v. *Wilson*, 1 N Y 2d 793, affg. without opinion 286 App. Div. 654; motion for reargument denied 2 N Y 2d 756.) The order of the lower court denying a motion to strike out the appearance of Peter L. Fulvio and to substitute Andrew Wright Lent as attorney for former Union Free School District No. 1 (defendant-appellant herein) must be sustained. Under sections 1804 and 1805 of the Education Law and the facts in this case, the Central School District Board of Education became the statutory successor of the Union Free School District Board of Education as of August 1, 1956. Both orders are unanimously affirmed, with $50 costs against appellants to be divided between the respondent Commissioner of Education and Board of Education of Central School District No. 2, and with printing disbursements to each. Present — Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ.