Herbert D. Hamm, J.
These consolidated proceedings were originally brought as two separate proceedings. In the first proceeding the petitioners sought to vacate an order of the Commissioner of Education laying out Central School District Number 3 of the Town of Oyster Bay, Nassau County, and in the second proceeding to vacate' an order of the Commissioner calling for an election within the new central school district for approval or disapproval of a resolution establishing the central district. The proceedings were consolidated by consent.
Special Term dismissed the petition in the first proceeding as a matter of law but granted the prayer of the petition in the second proceeding and set aside the determination of the Commissioner of Education calling for an election. On cross appeals the Appellate Division modified the order of Special Term by denying both of the petitioners’ applications for relief (Matter of Board of Educ. v. Allen, 6 A D 2d 316). The Court of Appeals affirmed (Matter of Board of Educ. v. Allen, 6 N Y 2d 871, decided May 29, 1959). The Court of Appeals has granted a motion to amend the remittitur to show that certain questions have been argued and determined adversely to the petitibners under the Fourteenth Amendment to the Constitution of the United States (6 N Y 2d 983, decided July 8,1959).
Prior to the decision on the merits at Special Term and on April 30, 1957, Special Term granted a stay, which provided:
*411 “ Ordered, that all proceedings and further official action under the order of the Commissioner dated March 29, 1957, laying out Central School District No. 3 of the Town of Oyster Bay, Nassau County, be stayed pending the hearing and determination of these consolidated proceedings, or until further order of the Supreme Court after notice to the petitioner, except as to the holding of a special election of the qualified voters within the said Central School District heretofore called and noticed to be held on May 4,1957, for the purpose of a vote in accordance with the provisions of Sections 1802, 1803 and 1803-a of the Education Law to determine whether the said Central School District be organized and a central school for instruction be established therein and, except, that in the event that the vote of the special election of the qualified voters within the said central district is in favor of the resolution to organize the said central school district and to establish a central school therein, as to the holding of a further meeting of the qualified voters within the said central district to elect a Board of Education for the said Central School District; and it is further
“ Ordered, that in the event the vote at the special election of the qualified voters within the said central district is in favor of the resolution to organize the said district.and to establish a central school therein, all official acts and proceedings subsequent to the said meeting of qualified voters within the said central district to elect a Board of Education be, and they hereby are, stayed pending a determination of this proceeding.”
The petitioners move for an order adjudging the respondents in contempt or, in the alternative, for an order “ staying, restraining and enjoining said persons and each of them from taking any further steps toward the maintenance, establishment or operation of Central School District No. 3 of the Town of Oyster Bay, County of Nassau, until hearing and determination of petitioners’ appeal herein to the Supreme Court of the United States
The respondent James E. Allen, Jr., is the only respondent who was a party to the consolidated proceedings. The respondent John Chisholm is the District Superintendent of Schools for the County of Nassau. The other respondents are members of the school board of the central district with the exception of the respondent Bichard F. Curran, Esq., who is a member of the firm of Bernard, Bemsen, Millham & Bowdish, Esqs., their attorneys.
A meeting of the Board of Education of the Central District was called for and held on July 7, 1959, “ for the purpose of organizing the central district board and considering steps *412 to be taken in preparation for systemizing, control, management and financing of the public schools of the central district for the coming school year 1959-60.” As to the respondent Commissioner of Education the acts of contempt complained of are permitting the meeting to be held and advising through his attorney that the meeting should be held. The acts of contempt by the other respondents are said to consist generally of calling the meeting or urging that the meeting proceed or participating in the meeting or “ aiding and abetting ”.
I determine that the stay was no longer in existence at the time of the acts complained of.
As to the second branch of the motion, obtaining a stay, the petitioners in an appropriate court have an adequate remedy as to the Commissioner of Education (U. S. Code, tit. 28, § 2101; Rules of the United States Supreme Court, rules 18, 27, 51). The remaining respondents are not parties to the consolidated proceedings and cannot be included within the purview of a “ stay Hence what is sought is actually a temporary injunction against them pending appeal to the Supreme Court of the United States. ‘ ‘ A motion is not a remedy but is based upon some remedy and is always connected with and dependent upon the principal remedy.” (Matter of Callahan, 262 App. Div. 398, 399.) The motion for a temporary injunction is independent upon the proceeding to punish the respondents for contempt. As the principal remedy has failed the motion may not be granted. Moreover, I am. asked to enjoin conduct which is permissible under the decision of the Court of Appeals. And finally the petitioners are not in need of a temporary injunction. I have read the minutes of the meeting of July 7, 1959. In the event that a stay against the .Commissioner is procured in an appropriate court the possibility of the other respondents’ proceeding further may fairly be dismissed as negligible.
Submit order to Troy on notice and furnish settlement date with proposed order.