Isadore Bookstein, J.
This proceeding relates to a petition made to the State Commissioner of Education concerning the counting of ballots in an election for member of the Board of Education of the City School District of the City of Utica. The petition to the State Commissioner was made by the Board of Education itself and by a taxpayer of the school district, who also is a member of the board. At issue was the basic question of whether all inspectors of election properly counted ballots marked with check marks as purportedly authorized by an amendment to the Election Law (§ 105) by chapter 600 of the Laws of 1960.
There were three candidates for one office of member of the Board of Education. The two with the highest number of votes received 2,176 and 2,165 votes respectively, a difference of 11 votes. The State Commissioner, after a hearing based on the petition, issued orders directing that the ballot boxes containing the ballots be delivered to him for the purpose of a recount and set a time and place for such recount.
After the issuance of such orders the instant proceeding was commenced with the general purpose of challenging the power of the State Commissioner to order such recount on the basis of the petition made to him by the Board of Education and the taxpayer, who also is a member of the board. The claim here is that the Board of Education and the taxpayer are not aggrieved parties and that only unsuccessful candidates may be aggrieved parties.
I find that the petition to the State Commissioner, coupled with, the Commissioner’s own power to initiate a proceeding before *814 him in a case of this type, provide an ample foundation under the Education Law (§ 310) for his jurisdiction over the matters covered by the petition to him (see discussion of the broad scope of his power in Matter of Board of Educ. v. Allen, 6 N Y 2d 127, 137-138, 141 [1959]).
The State Commissioner’s orders providing for the transfer of the ballot boxes with their ballots to him and for a recount were appropriate in light of the claim that all inspectors of election did not follow a consistent procedure with respect to ballots marked with check marks. In view of the closeness of the votes for the two leading candidates, the State Commissioner’s actions in providing for the transfer of the ballots to him and in ordering a recount are not purely arbitrary and they do not otherwise fall within the scope of other situations which have been declared by the courts to be reviewable despite the prohibition against review of the Commissioner’s actions which is contained in section 310 of the Education Law (Matter of Board of Educ. v. Allen, 6 N Y 2d, 127, 136, 141 [1959]; Matter of Levitch v. Board of Educ., 243 N. Y. 373, 375 [1926] ; Matter of Colson v. Allen, 285 App. Div. 797 [1955]; cf. Matter of Guardian Life Ins. Co. v. Bohlinger, 308 N. Y. 174, 183 [1954]; 24 Albany L.Rev. 95,100-102 [I960]).
The recount would not appear to necessitate unusual effort, cost or inconvenience. On the other hand, ascertainment of which of the two leading candidates actually received the highest number of votes should result in the seating of the candidate who actually did receive the highest number of votes and thus eliminate uncertainties in current and future proceedings and affairs of the Board of Education that now and would hereafter flow from the fact that one of these two candidates has taken and filed his oath of office and is presently sitting as a member of the board. Delay in recounting ballots only serves to prolong these uncertainties.
Moreover, even if perchance, the respondent’s final determination in this proceeding should be found to be reviewable under article 78 of the Civil Practice Act, we are not here confronted with any final determination, within the meaning of article 78 of the Civil Practice Act.
The petition here should be dismissed because the State Commissioner has jurisdiction over the subject matter and because his determination, as described above, is clothed with the quality of not being reviewable by reason of the prohibition against review in the Education Law (§ 310). His action does not fall within the judicially declared exceptions to the prohibition.