EDWARD LEWIS, Plaintiff, *v.* GEORGE SMITH, JOHN BOSCIA, DANIEL BLACK, as Trustees; ARTHUR CHASE, as Clerk, and JOHN CAMPBELL, as Collector of Common School District No. 11 of the Town of Rotterdam, N. Y., Defendants.*

(Supreme Court, Schenectady Special Term, February, 1919.)

*Education Law* — §§ 304, 880 — *appeal to commissioner of education on question of site for new school building — taxpayers' action to restrain bond issue — motion to continue injunction denied.*

MOTION to continue injunction and motion for judgment on the pleadings.

Harold A. Gordon, for plaintiff.

B. B. Johnson, for defendants.

WHITMYER, J. Plaintiff is a taxpayer of common school district No. 11 of the town of Rotterdam, Schenectady county, N. Y., and has brought this action against the defendants, George Smith, John Boscia

---

*Affirmed by the Appellate Division, Third Department, November 12, 1919, on the opinion below.— [REPR.

and Daniel Black, as trustees, Arthur Chase, as clerk, and John Campbell as collector thereof, to restrain them from issuing any bonds upon the faith and credit of the district and selling the same for the purpose of purchasing a site and erecting a new school building thereon, under resolutions passed at a special school district meeting held on September 26, 1918. He claims that notice of the meeting was not given in the manner required by law, that the proceedings were irregular in that persons not qualified or entitled to a vote were permitted to vote thereat, and that the said resolutions are illegal and invalid. He is moving for an injunction pending the action, and defendants are moving for judgment upon the pleadings. Section 304 of the Education Law provides: "All disputes concerning the validity of any district election or any of the acts of the officers of such election shall be referred to the commissioner of education for determination and his decision in the matter shall be final and not subject to review. The commissioner may in his discretion order a new election." And section 880 of said law provides: "Any person conceiving himself aggrieved may appeal or petition to the commissioner of education who is hereby authorized and required to examine and decide the same; and the commissioner of education may also institute such proceedings as are authorized under this act and his decision in such appeals, petitions or proceedings shall be final and conclusive, and not subject to question or review in any place or court whatever. Such appeal or petition may be made in consequence of any action: 1. By any school district meetings; 7. By any other official act or decision of any officer, school authorities, or meetings concerning any other matter under this chapter, or any other act pertaining to common schools." The question of the site is the real question in the case and connected with it are the questions relating to the

validity of the meeting and the qualifications of the voters. These are questions peculiarly for the determination of the commissioner of education and involve matters which the law commits to him for determination, in the first instance, at least. *People ex rel. Board of Education* v. *Finley,* 211 N. Y. 51, 56–60; *People ex rel. Light* v. *Skinner,* 159 id. 162, 168; *People ex rel. Underhill* v. *Skinner,* 74 App. Div. 58; *People ex rel. Merrall* v. *Cooley,* 75 Misc. Rep. 188, 191; *People ex rel. Board of Education* v. *Draper,* 78 id. 329, 336. The vote was very close in any case and it may be that votes were cast by persons who were not qualified to vote, but the law provides the method to be followed to obtain relief or to review the matter, so that this court may not interfere and assume to pass upon the questions on the merits. Therefore, the motion to continue the injunction is denied and the motion for judgment on the pleadings is granted, with ten dollars costs of each motion.

Ordered accordingly.