CITY OF NEW YORK, Plaintiff, v. HORACE PORTER, as Trustee of School District No. 24, Town of Wawarsing, Ulster County, et al., Appellants, and BLANCHE CURRY, as Collector of Union Free School District No. 1 of the Towns of Neversink and Fallsburg, Sullivan County, and Denning, Wawarsing and Rochester, Ulster County, et al., Respondents.— Plaintiff, a landowner, brought a suit of interpleader in equity for a determination as to which of the two defendants, rival claimants to taxes assessed upon its land, was rightfully entitled thereto. The controversy between defendants arose over a question as to the validity of proceedings had and taken under the Education Law for the consolidation of school districts under what are now sections 1510–1513, wherein District No. 24, Town of Wawarsing, was included. The districts involved comprise parts of two supervisory districts. The consolidation was duly authorized by an election, but the district superintendent of the supervisory district wherein said School District No. 24 was included, in signing the order of consolidation, purported by an indorsement thereon to except that school district from the effective consolidation. A majority of the electors of that district had voted in favor of the consolidation but the indorsement of its exception was made upon the ground that it was not contiguous to the bounds of the other districts. The Supreme Court, in Ulster County, entertained jurisdiction and, after trial, rendered the judgment appealed from which upheld the validity of the consolidation as including said School District No. 24 and determined that defendant Curry, as Collector of Union Free School District No. 1, was rightfully and lawfully entitled to receipt of the tax moneys. Appellant challenges the jurisdiction of the court to have entertained the suit upon the ground that such was vested solely in the Commissioner of Education. We

affirm the holding as to jurisdiction. While, as respects the question between the disputant school authorities in regard to the validity of the consolidation proceedings, the Commissioner of Education had jurisdiction, such was not invoked. Moreover, the plaintiff taxpayer at all events was properly allowed to invoke equity for a solution of the problem which confronted it. (*Gwynne* v. *Board of Education*, 259 N. Y. 191.) The indorsement of the exception of District No. 24 from the joint order of consolidation was a nullity. The necessity of the contiguity of the districts consolidated is not required. (Education Law, § 1510.) Judgment affirmed, without costs. Brewster, Foster, Russell and Deyo, JJ., concur; Hill, P. J., dissents.