In the Matter of ALFRED J. MARKERT, Appellant, against LEWIS A. WILSON, as Commissioner of Education of the State of New York, Respondent.— Appeal from an order of the Supreme Court, Special Term, Albany County, which granted respondent's motion pursuant to rules 106 and 107 of the Rules of Civil Practice and dismissed a proceeding brought by the petitioner under article 78 of the Civil Practice Act. Pursuant to section 1801 of the Education Law, the respondent, on June 10, 1953, laid out Central School District No. 1 of the Towns of Glen, Mohawk, Charleston, Root and Palatine, Montgomery County, Carlisle and Esperance, Schoharie County, and Johnstown, Fulton County. At a school district meeting on June 29, 1953, the voters

balloted upon a resolution to organize the central school district and establish a central school therein. The resolution was declared carried by a small margin. An appeal was taken to the respondent by one Anna M. Moore who requested a recount of the ballots cast at the meeting. On August 5, 1953, the respondent, having recounted the ballots, found that the resolution had been carried by a majority vote and dismissed the appeal. An appeal was also taken from the action of the meeting by one James Colson who alleged that many unqualified persons voted and who contended that the balloting should have been conducted in separate schoolhouses and that the void ballots cast should have been counted in determining the total number of votes cast for the purpose of computing a majority. The respondent found no merit in the appeal and dismissed it on September 9, 1953. Thereafter, Mr. Colson brought a further proceeding before the respondent for the purpose of reopening his appeal and obtaining a different decision from the respondent. On October 15, 1953, the application to reopen was denied by the respondent. Later, Mr. Colson brought an article 78 proceeding to review the action of the respondent. That proceeding was dismissed at Special Term and an appeal has been taken from the order of dismissal to this court. On February 12, 1954, the petitioner began a proceeding under article 78 of the Civil Practice Act seeking an order (1) declaring that the orders of the respondent dismissing the Moore and Colson appeals are void; (2) declaring that the resolution adopted was not legal; (3) annulling the orders of the respondent, and (4) declaring that the vote of the school district meeting is void. Assigning some of the various defects enumerated in rules 106 and 107 of the Rules of Civil Practice, the respondent moved for and obtained an order dismissing the proceeding. With exceptions not here pertinent, section 1286 of the Civil .Practice Act requires a proceeding under article 78 to review a determination to be instituted within four months after the determination becomes final. Insofar as petitioner attempts to review the orders and determinations made by the respondent prior to October 15, 1953, he is barred by the four-month period of section 1286. Neither may he review the order of October 15, 1953, denying the application to reopen the Colson appeal as the four-month period began to run from the date of the original decision — September 9, 1953. (*Matter of Weinstock* v. *Hammond*, 270 N. Y. 64; *Matter of Hall* v. *Leonard*, 260 App. Div. 591, affd. 285 N. Y. 719; *Matter of Harrington* v. *Coster*, 194 Misc. 577.) Furthermore, the petitioner, not being a party to the Colson appeal, may not now inject himself into it. Insofar as the petitioner seeks a review of the action of the school district meeting, he is barred by section 2037 of the Education Law which vests in the respondent exclusive jurisdiction over all disputes concerning the validity of any school district meeting and the acts of the officers thereat. (*Finley* v. *Spaulding*, 274 App. Div. 522.) If he felt aggrieved by any ruling at the meeting or if he wished to question its validity, the petitioner's remedy was to appeal to the respondent within the time prescribed. Order unanimously affirmed, without costs. Present — Bergan, J. P., Coon, Halpern, Imrie and Zeller, JJ.