In the Matter of JAMES COLSON, Appellant, against JAMES E. ALLEN, JR., as Acting Commissioner of Education of the State of New York, Respondent.

Third Department, May 11, 1955.

*George T. Heffernan* for appellant.

*Charles A. Brind, Jr.,* and *John P. Jehu* for respondent.

*Edgar C. Leonhardt* for Central School District, Fonda, New York.

HALPERN, J.  The petitioner appeals from an order of the Special Term dismissing a proceeding brought under article 78 of the Civil Practice Act to review a decision of the Commis-

sioner of Education with respect to the sufficiency of the vote at a central school district meeting to adopt a resolution approving the establishment of the district.

The statute (Education Law, § 1803, subd. 1) provides that "The affirmative vote of a majority of the qualified voters present and voting shall be required on the adoption of a resolution".

It appears that at the meeting there were 1,058 qualified voters present. Upon a recount of the ballots, it was determined that there were 516 valid ballots in favor of the resolution, 500 opposed and 42 void ballots. Of the void ballots, 3 were blank and the other 39 were void because of erroneous marking and other reasons.

The petitioner contends that all those who cast a marked ballot, whether the ballot was good or bad, should be counted among those "present and voting", although he concedes that those casting wholly blank ballots should be excluded. Therefore, according to the petitioner's view 1,055 persons voted and, since an affirmative vote of 528 would be required to constitute a majority of that number, he contends that the resolution was not carried.

The petitioner submitted his contention to the Commissioner of Education and, after a hearing, the commissioner decided against him. This proceeding was brought to review the commissioner's decision.

Section 2037 of the Education Law provides that "All disputes concerning the validity of any district meeting or election * * * shall be referred to the commissioner of education for determination and his decisions in the matter shall be final and not subject to review".

It is questionable whether, under this section, any judicial review of the commissioner's decision will lie but, in view of the cases holding that similar language in section 310 of the Education Law does not foreclose all review but permits review to the extent of determining whether the commissioner's interpretation of the underlying statutes was arbitrary or without rational basis (*Matter of Ross* v. *Wilson,* 284 App. Div. 522), we may assume for the purpose of this case that review to this limited extent is also permissible under section 2037.

It seems clear to us that the commissioner's decision not only was within the range of permissible interpretation of the statute but constituted the only sound and proper interpretation.

The statutory history of section 1803 is illuminating. The section had formerly read, as re-enacted in 1947 (L. 1947, ch. 820) : " The affirmative vote of a majority of the qualified voters present shall be required on the adoption of a resolution ". A controversy as to the meaning of the section arose in *Finley* v. *Spaulding* (192 Misc. 860). In that case, it appeared that 947 qualified electors had been present at the meeting, of whom 473 had voted in favor of the resolution, 470 had voted in the negative and 4 had cast blank votes. The Special Term held that a majority of those present had not voted in favor of the resolution and therefore the resolution had failed of adoption. The court pointed out, however, that, if the statute had used the term " a majority of those present and voting ", the four blank votes would have been excluded from the computation, so that there would have been a majority in favor of the resolution. Upon appeal to this court, the order of the Special Term was reversed (274 App. Div. 522), upon the ground that the dispute concerning the validity of the election should have been submitted to the commissioner in the first instance under section 2037 of the Education Law and that the court had no jurisdiction, upon a direct application, to decide a school election dispute.

However, because of the views which had been expressed by the Special Term upon the merits, the Legislature in 1949 amended the statute by adding the words " and voting " so that only a majority of those present and voting is now required for the adoption of a resolution (L. 1949, ch. 687). Upon the basis of a literal reading of the Special Term's opinion in the *Finley* case, the petitioner contends that the addition of the words " and voting " had the effect only of excluding blank ballots and that voters who cast improperly marked ballots must still be counted in determining the number of voters who were present and voted. It is true that the opinion of the Special Term referred only to the exclusion of blank ballots but this was due to the fact that blank ballots were the only kind of void ballots which were involved in the case. There was no intimation that, if ballots void for some other reason had been involved in the case, they would not also have been excluded under a statute using the words " present and voting ".

The overwhelming weight of authority supports the commissioner's holding that, under a statute using the words " present and voting " or equivalent terms, all void ballots are to be excluded in the determination of a majority, whether the

ballots are wholly blank or improperly marked (*People ex rel. Furman* v. *Clute,* 50 N. Y. 451, 461; *Battle Creek Brewing Co.* v. *Supervisors,* 166 Mich. 52; *State ex rel. Short* v. *Clausen,* 72 Wash. 409; *Hopkins* v. *City of Duluth,* 81 Minn. 189; *State ex rel. Hocknell* v. *Roper,* 47 Neb. 417; see cases collected in note in 131 A. L. R. 1382, 1386).

The order appealed from should be affirmed, without costs.

FOSTER, P. J., BERGAN, IMRIE and ZELLER, JJ., concur.

Order affirmed, without costs.