JAMES G. SOLOMON, Respondent, v. POUGHKEEPSIE REALTY COMPANY, INC., Appellant.— In an action to recover damages for personal injuries, the appeal is from a judgment entered on a jury verdict in favor of respondent, and from an order denying a motion to set aside the verdict and for a new trial. Judgment and order unanimously affirmed, with costs. Under the circumstances of this case the issue as to contributory negligence on the part of respondent was a question of fact for the jury. (*Leshinsky* v. *Cohen*, 262 App. Div. 775; *Romano* v. *Home Owners' Loan Corp.*, 263 App. Div. 743; *Kaplan* v. *48th Ave. Corp.*, 267 App. Div. 272.) Present — Nolan, P. J., Wenzel, MacCrate, Murphy and Ughetta, JJ.

■

ROY E. SPICER, Plaintiff, v. CENTRAL SCHOOL DISTRICT No. 1, TOWN OF RAMAPO, Defendant.— Submission of controversy on an agreed statement of facts. Seven former individual school districts in Rockland County were centralized in 1940 into defendant central school district. On October 20, 1954, the board of education of the central school district adopted a resolution authorizing a bond issue for the construction of a new elementary school to be located in what was formerly district No. 4, and for additions and improvements to an existing school in what was formerly district No. 15. It is proposed that the new elementary school be used for children in the fourth to sixth grades in the school of all seven former individual districts (except the fourth grade in one of the districts). The submitted controversy requests determination of three questions: (1) Whether the central district may proceed with its bond issue in advance of individual district meetings to consider transfer of students; (2) whether the central district may transfer students in grades lower than the seventh from elementary schools in the individual districts, constructed since centralization, to the new central school, without a separate vote of the individual former school districts; and (3) the same question as (2) with respect to schools in the individual districts built and maintained prior to centralization. Judgment unanimously directed answering question one in the affirmative and questions two and three in the negative, without costs. Under the provisions of section 1805 of the Education Law, the central district does not have the power to direct the transfer of pupils of any grades below the seventh from a school in a former individual district without the approval of a majority of the voters in that district. (*Matter of Miller*, 71 N. Y. St. Dept. Rep. 172; *Matter of Andersen*, 70 N. Y. St. Dept. Rep. 68.) However, this has nothing to do with the approval of the bond issue. Whether or not there will be pupils to fill the new school is a matter to be presented to the voters at the meeting called to approve the issue. Present — Nolan, P. J., MacCrate, Beldock, Murphy and Ughetta, JJ. Settle order on notice.