Nancy R. Glover et al., Respondents, *v.* Board of Education of Central School District No. 1 of the Towns of Avoca, Wheeler, Cohocton, Howard, Fremont, Bath, Prattsburg, Steuben County, Appellant.

Fourth Department, March 4, 1959.

*Wightman & Wightman (Robert M. Wightman* of counsel), for appellant.

*William J. Holbrook* for respondents.

*Per Curiam.* The question presented is the construction of section 1805 of the Education Law as amended by chapter 497 of the Laws of 1958.

As section 1805 read prior to its amendment, a central school district was required to continue to maintain an elementary school in any pre-existing school district which maintained such a school at the time of the organization of the central school district " until such time as the legal voters of such existing district at a meeting of such voters   *   *   *   shall by a majority vote of those present and voting at such meeting determine to discontinue the school in such existing district ". (L. 1944, ch. 637, § 4.)

Under the 1958 amendment (L. 1958, ch. 497), the duty of the central school district to maintain the pre-existing elementary school was limited to a period of five years after the organization of the central school district. If during the five-year period, the voters of the pre-existing district voted to discontinue the school, it could be discontinued earlier. After the five-year period, the Board of Education of the Central School District was authorized to discontinue the elementary school, without a referendum. There was a proviso to the effect that in the event a vote had been taken on the question of discontinuing and the voters had " determined not to discontinue " the Board of Education was forbidden to discontinue the school " until after the expiration of a period of five years following such determination ". This proviso is not applicable in the present case since no meeting of the voters had been called on the question of the continuance or discontinuance of the school.

The complaint alleges that the defendant, Central School District No. 1 of the Towns of Avoca, Wheeler, Cohocton, Howard, Fremont, Bath, and Prattsburg, all of Steuben County, was created in 1938, " by means of an adoption of a plan of centralization for various towns within the County of Steuben, and that said plan of centralization specifically provided for the building of a new elementary school in the Village of Howard ". A new elementary school was accordingly built in the Village of Howard and thereafter the old school building was disposed of, pursuant to a vote of the voters of the component school district (cf. *Matter of Ross* v. *Wilson*, 308 N. Y. 605). The Central School District also built a new central elementary and high school in the Village of Avoca.

Acting under the authority of the 1958 amendment, which became effective on April 9, 1958, the Board of Education of the Central School District unanimously adopted a resolution on June 10, 1958 to discontinue the operation of the elementary school in the Village of Howard, effective July 1, 1958. Thereupon, this action was brought to enjoin the proposed discontinuance, the plaintiff contending that the school could not lawfully be discontinued without approval of the action at a referendum in the component school district.

A temporary injunction was granted, on the plaintiffs' motion, and the defendant's motion to dismiss the complaint was denied, by the Special Term. This appeal is taken from the order entered upon that decision.

The Special Term held that '' Section 1805 applies only to elementary schools in existence prior to the formation of a central school district '', and does not apply to a new elementary school built after the formation of the central school district. In adopting this construction of the statute, we believe the Special Term erred. The statute does not refer to the particular school building which was in existence at the time of centralization but refers rather to the maintenance of '' a school '' in the pre-existing school district. The Board of Education of the Central School District is authorized to discontinue the maintaining of any elementary school in the pre-existing school district after the expiration of the minimum five-year period. The fact that the old school building had been replaced by a new building erected by the Central School District does not detract from its power; on the contrary, it would seem to make out an a fortiori case for the existence of the power. (Cf. *Spicer* v. *Central School Dist.*, 286 App. Div. 862.)

Furthermore, the plaintiffs' argument completely overlooks the fact that section 1805 is a statute limiting the powers of a central school district. If, as the plaintiffs contend, section 1805 is not applicable to the elementary school in the Village of Howard, there is no statute restricting the discontinuance of the school at all. The Board of Education of the Central School District has full power of management of all the schools in the district under section 1804 and there is no statutory restraint upon its power to discontinue the elementary school except that contained in section 1805.

The voters of the Village of Howard may not have contemplated the discontinuance of the school without their consent at the time that they voted for centralization, but the Legislature had plenary power to authorize the Board of Education to discontinue the school without a vote. (*Union Free School Dist.*

*No. 22* v. *Wilson,* 281 App. Div. 419, 424.) If the voters are dissatisfied with the authority granted to the Central School District Board by the Legislature by the 1958 amendment, their only remedy is to appeal to the Legislature to repeal the amendment.

The order appealed from should be reversed and the defendant's motion to dismiss the complaint should be granted.

All concur. Present — McCURN, P. J., WILLIAMS, BASTOW, GOLDMAN and HALPERN, JJ.

Order reversed on the law, without costs of this appeal to any party, plaintiffs' motion denied and defendant's cross motion to dismiss the complaint granted, without costs.