Bernard S. Meyer, J.
Motion for a temporary injunction to restrain defendant school district from submitting certain budget items to the voters of the district at a special meeting scheduled for August 13, 1959. The resolution calling for the district meeting was adopted July 17, 1959 at a meeting of the board after submission of a petition for such meeting signed by 1,400 persons purporting to be voters. The budget submitted to the annual meeting in May was rejected. The same budget was again rejected in June. The school board, upon presentation on July 17 of the petition, recognized that the petition bore an insufficient number of signatures to comply with section 2008 of the Education Law, but because of the apparent public interest displayed, acted of its own motion under section 2007 to call such meeting.
Plaintiff, a resident and taxpayer of the district and a qualified voter therein, contends (1) that under section 2023 of the Education Law the rejection of the budget at the annual meeting imposed upon the board a mandate to levy a tax for ordinary contingent expenses without further submission to the voters, and (2) that under section 2007, the board cannot validly call a special meeting covering a matter previously rejected by a district meeting.
Plaintiff is entitled to a temporary injunction only upon a clear showing not only of the elements of his cause of action, but also of the inadequacy of available legal remedies. Section 2037 of the Education Law provides that: ‘1 All disputes concerning the validity of any district meeting or election or of any of the acts of the officers of such meeting or election shall be referred to the commissioner of education for determination and his decision in the matter shall be final and not subject to review.” And section 310 makes any official act of any officer, school authorities, or meetings reviewable by the Commissioner. Clearly, therefore, plaintiff could have appealed the board’s July 17 action in calling the meeting and can appeal after the August 13 vote. It is no answer to say that the appeal is not adequate because the Commissioner has already construed the applicable statutes to permit the calling of a successive budget *797 meeting, for the question is not whether plaintiff will get, but whether he is under the law entitled to, the ruling he seeks. Despite the concluding words of the section, the Commissioner’s determination is reviewable if arbitrary or unlawful (Matter of Eaton v. Allen, 1 Misc 2d 496; Matter of Kuhn v. Commissioner of Educ., 208 Misc. 1019, affd. 1 A D 2d 533, appeal dismissed 2 N Y 2d 749, motion for leave to appeal denied 3 A D 2d 609) and this includes the interpretation of the underlying statutes (Matter of Colson v. Allen, 285 App. Div. 797). Plaintiff, therefore, has an adequate remedy and is not entitled to a temporary injunction (Lewis v. Smith, 109 Misc. 694, affd. 190 App. Div. 884).
Further, the plaintiff has not shown a clear right on the facts. While Matter of Flinn v. Board of Educ. (154 N. Y. S. 2d 124) holds that successive meetings may not be arbitrarily called, it is distinguishable on the facts in view of the petition presented to the board in open meeting on July 17. And, on the question underlying this entire matter, whether section 2023 prohibits resubmission of a rejected motion, plaintiff fares no better. That section provides that if the voters “ neglect or refuse to vote the sum estimated necessary for ordinary contingent expenses, the * * * board of education may levy a tax for the same ’ ’. Nothing therein requires that the board levy such a tax, at least so long as there still remains time to resubmit a budget for vote before, under applicable tax procedures, the tax must be levied. Nothing therein prevents the board, if its action is otherwise validly taken under section 2007 or section 2008 (cf. Matter of Flinn v. Board of Educ., 155 N. Y. S. 2d 232) from calling a new meeting to reconsider the budget.
For the above reasons, the court refused, from the Bench, to enjoin the holding of the meeting. An order to that effect should be submitted.