Mabio Pittom, J.
This is a motion (1) to strike defenses first to fifth inclusive in the answer as insufficient in law and for judgment on the pleadings pursuant to rule 112 of the Buies of Civil Practice and section 476 of the Civil Practice Act, or in the alternative (2) for summary judgment in favor of the plaintiff pursuant to rule 113 of the Buies of Civil Practice.
The action is for a declaratory judgment pursuant to section 473 of the Civil Practice Act. The plaintiff is a resident, taxpayer and voter in the Central School District No. 6, in the portion thereof formerly included in Union Free School District No. 7, at Centerport, Town of Huntington, Suffolk County, New York. By order of the Commissioner of Education, Union Free School District No. 7 and Union Free School District No. 6 of the hamlet of Greenlawn area in the Town of Huntington were centralized in June or July, 1956. It is admitted by the answer or the admissions of defendant, served pursuant to section 322 of the Civil Practice Act, that subsequent to the centralization order the defendant has transported or transferred children attending school in grades below the seventh year in the former Greenlawn district to schools in the Center-port district. Prior to the centralization order the Greenlawn and Centerport Union Free School Districts had schools for the elementary grades.
It is the contention of the plaintiff that the defendant has violated and is violating section 1805 of the Education Law in transferring or transporting pupils in grades below the seventh from the Greenlawn to the Centerport schools without the approval of the legal voters of the Greenlawn district.
*835 Section 1805 insofar as pertinent provides as follows: 1 ‘ each central school district shall continue to maintain a school for the instruction of pupils therein up to and including the sixth elementary grade in each existing district maintaining a school at the time of the organization of the central school district until such time as the legal voters of such existing district at a meeting of such voters duly called * * * shall by a majority vote * * * determine to discontinue the school in such existing district.”
Admittedly no meeting of the voters in the former Greenlawn district has been called at any time since the centralization to approve the transfer of pupils.
The defendant in its answer admits by failure to deny all of the allegations of the complaint except 9, 17, 18 and 19. The denial of paragraph 9 is so qualified by an admission of all of the material allegations of that paragraph that what remains raises no issue. As to paragraph 17, 18 and 19, the denials, in view of the admissions in the answer or pursuant to section 322 of the Civil Practice Act, are only denials of the legal conclusions stated in those paragraphs, viz., that the transfer of students was ‘ ‘ unauthorized and illegal ’ ’, that the transfers violated section 1805 of the Education Law, and the continued use of moneys for such transportation of pupils is “ unauthorized, illegal and ultra vires ”.
The defendant alleges as defenses: (1) that the defendant is not a municipal corporation within the meaning of section 51 of the General Municipal Law; (2) that the needs of the central district and the most economical use of the existing facilities justified the transferral of the pupils; (3) that the plaintiff has an adequate remedy at law by appeal to the Commissioner of Education of the State of New York; (4) that the plaintiff is not aggrieved as he is not the parent of a child in the Greenlawn district or a voter in that district; and (5) that a declaratory judgment and injunctive relief should be denied in the public interest.
The first defense, that the defendant is not a municipal corporation within the meaning of section 51 of the General Municipal Law, cannot stand. The action has not been brought pursuant to section 51 — a taxpayer’s action. This defense is stricken (Mancuso v. Board of Educ., 282 App. Div. 1097).
The second defense, that the needs of the central district and the most economical use of the existing facilities justify the transferral of pupils, also has no legal merit. The statute expressly forbids this practice (Education Law, § 1805; Spicer v. Central School Dist. No. 1, Town of Ramapo, 286 App. Div. *836 862 [2d Dept.]). Besides, as used in section 1805, the word “ school ” does not mean the building or buildings in which the school may be accommodated (Glover v. Board of Educ., 7 A D 2d 319, 321).
The third defense, that the plaintiff has an adequate remedy at law by appeal to the State Commissioner of Education, also lacks legal merit. Where the interpretation of a statute is involved the court may entertain an action for a declaratory judgment (Corbett v. Union Free School Dist. No. 21, Hempstead, 102 N. Y. S. 2d 924 and cases cited). Furthermore, on January 7, 1960, Mr. Justice Hill denied a motion to dismiss this action pursuant to rules 106 and 212 (Rules Civ. Prac.), and he was affirmed by the Appellate Division (10 A D 2d 975). In effect, they held that this court could entertain this action for declaratory judgment.
The fourth defense, that the plaintiff is not aggrieved as he is not the parent of a child in the Grreenlawn district or a voter in that district, is also without legal substance. He is a resident taxpayer and votes in Central District No. 6. That he may have been motivated by a private grievance is no defense if the defendant lacks the power to perform the acts in question (Stahl Soap Corp. v. City of New York, 9 A D 2d 964). A similar argument was presented to Mr. Justice Ritchie in a prior action for similar relief, and to Mr. Justice Hill and to the Appellate Division in this action. Each time this contention was without success.
The fifth defense, that a declaratory judgment and injunctive relief should be denied in the public interest, also lacks legal merit. Certainly, if the best interests of the legal voters of the Grreenlawn district will be served by an approval of the defendant’s policy of transferring some students of the grades involved herein to the Centerport school, the defendant need not hesitate to submit the question to them. Ample time exists to vote on the issue before the resumption of school in September, 1960. Moreover, the statute (§ 1805) requires the submission, and the court may not consider the adequacy or inadequacy of the available buildings to house the pupils (Spicer v. Central School Dist., 286 App. Div. 862).
Accordingly the defenses of the answer are stricken and judgment on the pleadings and admissions is granted, pursuant to rule 112 of the Rules of Civil Practice and sections 322 and 476 of the Civil Practice' Act (Lefter v. Clark, 247 App. Div. 402, 404), to the extent of (1) declaring that the pupils in grades up to and including grade six of the Grreenlawn schools may not be transferred to any school outside of the Greenlawn *837 school district as it existed prior to centralization without the approval of a majority of the legal voters of said former school district, and (2) restraining the defendant from transferring any pupils in grades up to and including grade six of any former individual district to a school outside of the individual district legally attended by them until such time as the legal voters of the particular district involved approve the transfer as provided in section 1805 of the Education Law. No costs.
In view of the disposition of the motion under rule 112 of the Rules of Civil Practice, the alternative relief requested under rule 113 of the Rules of Civil Practice is denied as unnecessary.