Matthew J. Jasen, J.
This is a proceeding under article 78 of the Civil Practice Act to review certain actions of the Board of Education of the Fredonia Central School District and more particularly the special district meeting held in Fredonia Central School District on May 24,1961.
The petitioners contest the validity of said election due to certain irregularities, e.g., electioneering, opening voting machines during the balloting. They seek to have said election set aside and declared null and void and request that a new election be held.
Before proceeding to the petitioners’ contentions, it is essential to pass on the question of jurisdiction.
The respondents contend that, pursuant to section 2037 of the Education Law, any review of the election should have been taken to the Commissioner of Education prior to applying to this court. The petitioners on the other hand maintain that there is concurrent jurisdiction and the proceeding may be brought before either the Supreme Court or the Commissioner.
Section 2037 of the Education Law reads as follows: “All disputes concerning the validity of any district meeting or elec *405 tion or of any acts of the officers of such meeting or election shall he referred to the commissioner of education ”.
The court is aware of decisions to the effect that the Supreme Court has general jurisdiction under the New York State Constitution (art. VI, § 1) which is not curtailed by a grant to another tribunal of jurisdiction as to particular matters (Barone v. Aetna Life Ins Co., 260 N. Y. 410).
The petitioners cited Corbett v. Union Free School (102 N. Y. S. 2d 924, 925) to the effect that “ an aggrieved party is not barred from applying to the Court for relief where the right of the party depends upon an interpretation of a statute. Matter of 0 ’Connor v. Emerson, 196 App. Div. 807, affd. 232 N. Y. 561 ”. Substantially the same ruling was handed down in Leone v. Hunter (21 Misc 2d 750). This court agrees. However, no like statutory interpretation is involved herein.
This court is of the opinion that our Legislature in enacting section 2037 of the Education Law had intended that the Commissioner of Education review expeditiously all disputes involving the validity of any district meeting or election. In this manner, there would then emanate a uniformity of review which is so essential for the orderly and proper conduct of our educational system.
In Lewis v. Smith (109 Misc. 694, affd. without opinion 190 App. Div. 884) the court held: “ The question of the site is the real question * * * and connected with it are the questions relating to the validity of the meeting and the qualifications of the voters. These are questions peculiarly for the determination of the commissioner of education and involve matters which the law commits to him for determination in the first instance, at least.” Lewis .v. Smith (supra) was cited with approval in Broolts v. Wyman (220 App. Div. 204, affd. 246 N. Y. 534) and in Mullooly v. Union Free School Hist. (20 Misc 2d 795).
In Finley v. Spaulding (274 App. Div. 522) the court held: ‘ ‘ Illegalities may arise in the procedure at such election. Questions concerning illegal votes, majorities and others of a like nature are ever present. * * * We should not give the provisions of the Education Law * * ® a strained and absurd construction. The very purpose of this law is to settle expeditiously and permanently election issues in order that the children of the area involved will receive uninterrupted education facilities. * * * In our opinion the Supreme Court has no jurisdiction to decide the controversy; that duty is cast upon the Commissioner of Education.”
In Matter of Markert v. Wilson (284 App. Div. 1086) the court said: ‘ ‘ Insofar as the petitioner seeks a review of the *406 action of the school district meeting, he is barred by section 2037 of the Education Law which vests in the respondent exclusive jurisdiction over all disputes concerning the validity of any school district meeting and the acts of the officers thereat.”
The court agrees with the decision in People ex rel. Board of Educ. v. Finley (211 N. Y. 51, 57-58) that: “ the commissioner of education is made the practical administrative head of the system, and in the exercise of sound wisdom, as we believe, the legislature has deemed it best to make him the final authority in passing on many questions * * * I think we should fail in a true and sensible interpretation of this law if we should attempt to limit the right of appeal to the commissioner of education by a rigid application of all those principles which would prevail in ordinary litigation * * * indicates to our mind that the right of appeal in the first instance is to be a broad one, leaving it to the commissioner to decline to entertain or to dismiss appeals ”.
Although it may be argued that a review of an election under section 2037 of the Education Law is a judicial function, it is common practice for our Legislature to specifically authorize some judicial functions to administrative officers. (See Matter of O’Brien v. Commissioner of Educ., 4 N Y 2d 140.)
The petitioners’ remedy was to appeal to the Commissioner of Education within the time prescribed. Should the Commissioner’s ruling be arbitrary or unlawful, then there may be a judicial review (Matter of Eaton v. Allen, 1 Misc 2d 496).
It is regrettable that the time to appeal to the Commissioner has passed, but this court lacks jurisdiction to review the merits of the grievances set forth in the petition, and, therefore, the petition must be dismissed.