Charles Lambíase, J.
The Board of Education of the Enlarged City School District of the City of Auburn, New York, on the 13th day of March, 1962, submitted to the electorate of the district a proposition to approve a bond resolution adopted by the said board authorizing the issuance of bonds for the erection of certain school buildings within the district. The result of the election as ascertained from the Inspectors of Election was to the effect that the proposition had been defeated by 13 votes. However, the Board of Education requested the Board of Elections to make a recount of the vote, and thereafter it was certified that the proposition had been approved by 11 votes.
Plaintiff, an alleged property owner and taxpayer within the district, then brought the above-entitled action, purporting to be a taxpayer’s action, wherein he prays for a declaratory *201 judgment adjudging and decreeing with respect to the following matters :
“ 1. That the said election held on March 13, 1962 wherein Proposition No. 1 was submitted to the electorate of the Enlarged City School District of the City of Auburn be declared null and void, invalid and of no effect.
“ 2. That the said recount of ballots by the Board of Elections of the County of Cayuga be declared null and void, invalid and of no effect.
‘ ‘ 3. That the defendants herein and their agents, servants and/or employees be restrained and enjoined from issuing and/or selling bonds or other negotiable obligations and further restrained and enjoined from undertaking any action in accordance with Proposition No. 1 as aforesaid.
‘ ‘ 4. That the plaintiff be granted such other and further relief-as to this Court may seem just and proper.”
Plaintiff has brought on the application now before us for defendants to show cause “ why an order should not be made and entered herein restraining and enjoining the defendants, their agents, servants and/or employees from issuing and selling bonds or other negotiable obligations for the purpose of constructing certain school buildings and from proceeding in any manner or otherwise proceeding in accordance with proposition #1, a copy of which is hereto attached, submitted to the electorate of the Enlarged City School District of the City of Auburn, New York on the 13th day of March, 1962, and why the plaintiff should not have such other and further relief as to this Court may seem just and proper.”
The grounds for plaintiff’s objections to said election are set forth as follows in his affidavit submitted on the motion:
(We use plaintiff’s numbering for convenience.)
“ 6. That the said election held on or about March 13, 1962 was improperly conducted and manifested numerous gross irregularities, all in contravention of the laws and statutes in such cases made and provided rendering said election null and void.
‘ ‘ 7. That the Inspectors in each district at the said election did not organize by electing one of their number as Chairman and another as Poll Clerk.
‘ ‘ 8. That the ballots declared null and void by the Inspectors were not enclosed in an envelope, sealed and endorsed as containing void ballots, and thereafter signed by the said Inspectors and placed in the ballot boxes for the purpose of containing *202 defective and spoiled ballots, nor were such ballots properly endorsed with a memorandum on the back of each.
‘ ‘ 9. That upon information and belief, the grounds therefor being personal conversation with the duly authorized Inspectors of Ward 9 in the aforesaid school district, one Eleanor I. Hardy improperly aided and usurped the duties of the said Inspectors of Ward 9, all without authority and in violation of the laws and statutes in such cases made and provided.
“ 10. That the Ninth Ward reported a vote which indicated a one hundred ten (110) ballot discrepancy from the tally sheet thereof.
“ 11. That subsequent to the counting of the ballots, the said ballots were not replaced in the said ballot boxes, properly locked, sealed and deposited with the Clerk of the Board of Education by an inspector duly designated for such purpose.
1 ‘ 12. That the said ballot boxes remained at the polls the night following the election unguarded and were not impounded by any lawful agency.
“ 13. That many ballot boxes, although locked, had the keys affixed thereto.
“ 14. That the Inspectors certified that Proposition No. 1 as aforesaid was defeated by the majority with two thousand three hundred thirty-seven (2,337) votes being cast in favor of'said proposition and two thousand three hundred fifty (2,350) votes being cast in opposition thereto.
“ 15. That thereafter the Board of Education convened and demanded a recount by the Board of Elections of Cayuga County.
“ 16. That on or about the 15th day of March, 1962 said Board of Elections commenced its recount which was not completed until March 17,1962.
“ 17. That the said Board of Elections substituted their judgment and discretion in place of the Inspectors’ and declared certain ballots blank and void which were theretofore certified as valid ballots by the said Inspectors.
“ 17. That the President of the Board of Education was present during the recount by the said Board of Elections and unlawfully exerted influence upon them.
“ 18. That thereafter the said Board of Elections had completed the recount and unlawfully substituted its discretion for that of the Inspectors. The said Board declared that Proposition No. 1 as aforesaid was accepted by a majority with two thousand three hundred thirty-nine (2,339) votes cast in favor of the said proposition and two thousand three hundred twenty-eight (2,328) votes cast in opposition thereto.
*203 ‘ '• 19. That thereafter the said Board of Education accepted the results as determined by the unlawful recount and commenced to act in accordance with the said Proposition ,No.. 1 by publishing the results, thereof and further .publishing notices for the illegal bond issue to be initiated thereunder. ..
‘ ‘ 20. That the conduct of the said Board of Education was calculated to estopp any restraining proceedings and has and will thereby irreparably injure and prejudice the rights of your deponent and all others similarly situated.
“21. That the estoppel period in such cases made and provided upon information and belief is twenty (20) days from the date of publication and that your deponent is unable t.o move by ordinary Notice of Motion in this proceeding, because the time for hearing and resolving same would be subsequent to ’ the estoppel period as enumerated in the applicable statute.
“ 22. That upon information and belief, said Board of Elections acted without the scope of its authority, rendering the aforesaid recount null and void.
“ 23. Upon information and belief, said Board of Education is acting in an unlawful, illegal and void manner without the scope of its authority and creating an illegal and unlawful diversion and waste of deponent’s property, and that deponent’s property and that of other taxpayers will be subject to additional and unnecessary taxation by reason thereof.”
All of the foregoing are also set forth in the complaint. It would seem that item 6 hereinbefore set forth, which is the same as paragraph 4 of the plaintiff’s complaint, summarizes plaintiff’s objections.
In his affidavit on the instant motion, plaintiff prays for the same relief asked for in the complaint. However, the show cause order granted provides only for the relief set forth in item 3 of the prayer set forth in the complaint which is also item 3 of the affidavit of Francis J. Guariglia, plaintiff movant, and which is the only relief that was asked for by plaintiff upon the argument. Under such circumstances we have concluded that the relief on this application is that which is set forth in the show cause order for which argument was made.
. It is the position of the defendants that plaintiff has chosen the wrong forum in that this court does not have jurisdiction of this matter at this time, citing section 2037 of the Education Law of the State of New York, which is part of article 41 thereof. Said section entitled ‘ ‘ Determination of meeting or election disputes ”, at all times herein mentioned provided, and now provides, as follows:
*204 u All disputes concerning the validity of any district meeting or election or of any of the acts of the officers of such meeting or election shall be referred to the commissioner of education for determination and his decisions in the matter shall be final and not subject to review: The commissioner may in his discretion order a new meeting or election.” It is maintained by defendants that under said statute an election dispute “ shall be referred to the commissioner of education for determination ”; and they ask “ that the relief asked for by the Plaintiff be denied and that the motion be dismissed and that the Plaintiff be instructed to appeal to the Commissioner of Education for such relief as he may determine. ’ ’
On the other hand, plaintiff urges that he is seeking an interpretation of the statutes involved in connection with the election which is the subject of this litigation, and that under such circumstances, this court should retain and maintain jurisdiction in the first instance and should interpret the statutes involved. He argues that the Commissioner of Education would have no authority whatsoever to make such interpretation. The statutes involved he enumerates as follows: article 41 of the Education Law, particularly section 2038; article 53 of the Education Law, particularly section 2608; subdivision 1 of section 2609 and subdivisions 2 and 4 of section 2610 of the Education Law; sections 106,190, 213, 272 of the Election Law.
The question before us, as we see it, is whether plaintiff is properly before us, as he contends he is, or, whether he should have gone and must go to the Commissioner of Education, in the first instance, as defendants maintain.
We have concluded that this court lacks jurisdiction, upon a direct application in the first instance at least, to decide the dispute concerning the validity of the school election before us, and that it should have been referred to the Commissioner of Education for determination in the first instance under section 2037 of the Education Law. (See, also, Education Law, § 310.)
It is stated in Finley v. Spaulding (274 App. Div. 522, 526) that: “ The very purpose of this law is to settle expeditiously and permanently election issues in order that the children of the area involved will receive uninterrupted education facilities. It is also to be noted that section 1735 gives to the commissioner discretion when exigencies warrant to call a new election. The question for determination here is an extremely important one and transcends the issues involved upon the particular facts present. In our opinion the Supreme Court has no jurisdiction to decide the controversy; that duty is cast upon the Commis *205 sioner of Education.” To the same purport, among others, are the ca,ses of Johnson v. Parsons (207 Misc. 107, affd. 285 App. Div. 601); Matter of Pacos v. Hunter (29 Misc 2d 404, affd. 14 A D 2d 990); see, also, Matter of O’Brien v. Commissioner of Education (4 N Y 2d 140).
Plaintiff has arg’ued that involved herein is a matter of interpretation of a statute which distinguishes this case from those cited to sustain our determination. We do not think that such is the case here. The cited statutory provisions, insofar as they are involved herein, appear to be clear and unambiguous. In New Amsterdam Cas. Co. v. Stecker (3 N Y 2d 1, 6) the court says: 6 ‘ This court has declared on numerous occasions that where the language of a statute is without ambiguity, and the meaning unequivocal, there is no necessity for resort to rules of construction [citing cases and McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 76]. As was long ago stated in McCluskey v. Cromwell (11 N. Y. 593, 601): ‘ It is not allowable to interpret what has no need of interpretation, and when the words have a definite and precise meaning, to go elsewhere in search of conjecture in order to restrict or extend the meaning. ’ ”
It is plaintiff’s contention that he has no adequate remedy at law for the election irregularities of which he complains, and that, therefore, the temporary injunctive relief for which he prays should be granted. We are unable to sustain his contention.
Plaintiff is entitled to a temporary injunction in advance of trial only upon demonstrating a clear legal right thereto and upon establishing also the inadequacy of available legal remedies. He has done neither. It is conceded that “With an action now pending it would be impossible to sell the bonds until the pending action was determined.” (Affidavit of William G-oldman, sworn to March 31, 1962, par. 5.) Furthermore, in our opinion, plaintiff has an adequate remedy at law since the provisions of the Education Law herein mentioned provide for appeal to the Commissioner of Education in cases of dispute concerning the validity of an election such as is involved herein. Plaintiff, therefore, is not entitled to the temporary injunction prayed for herein by him. (Lewis v. Smith, 109 Misc. 694, affd. 190 App. Div. 884; Mullooly v. Union Free School Dist. No. 8, 20 Misc 2d 795.)
Plaintiff’s motion for the relief asked for in the show cause order must be and hereby is in all respects denied.