David L. Glickman, J.
Application under article 78 of the Civil Practice Act to cancel and annul a vote taken at a special district meeting of Common School District No. 6 of the Town of East Hampton and to fix a date for a new vote. The petition is predicated upon certain irregularities claimed to have occurred at the time of and in connection with said vote and further on the alleged inadequacy of the notice fixing the date for voting.
The respondents have cross-moved for a dismissal of the petition on the ground that said petition on its face is insufficient in law and on the further ground that the court does not have jurisdiction of the subject matter of the petition. Respondents contend that the subject matter of the proceeding is within the exclusive jurisdiction of the Commissioner of Education of the *127 State of New York to whom the petitioners should have applied for the relief they seek here. Since this motion to dismiss may be dispositive of this proceeding, said motion will be considered before examining into the merits of the application.
The pertinent sections of law touching on the question of jurisdiction are contained in the Education Law and the Civil Practice Act. Section 310 of the Education Law provides that a person aggrieved may appeal or petition to the Commissioner for relief. The use of the word “ may ” would appear to indicate that the application to the Commissioner is permissive and does not bar other forms of relief provided by law. However, section 2037 of the Education Law concerns itself with the validity of any district meeting or election, or any acts of the officers of such meeting or election, and requires all disputes with respect thereto to be referred to the Commissioner of Education for determination. The words used in this section are “ shall be referred” which are mandatory in nature and precludes recourse to the court until the remedy under this section is exhausted. This section also provides that the Commissioner in his discretion may order a new meeting or election.
Finally, section 1285 of the Civil Practice Act in substance provides that the article 78 proceeding shall not be available to review a determination where it can be adequately reviewed by an appeal to an appellate court, or by an. application to some other body or officer. The vote involved in the instant case dealt with the question of constructing an addition to an existing elementary school building, the reconstruction in part of the existing building and the purchase of furnishings, equipment, machinery, etc. for the additional and reconstructed facilities. The estimated total cost of $465,000 would be the subject of a bond issue, and taxes were to be levied to meet the interest payments on said bonds as well as the principal as the same matured.
In view of the nature and purpose of the resolution voted on at said special meeting, I am impelled to the conclusion that the subject matter thereof falls within the purview of section 2037 of the Education Law. Under this section, the petitioners’ remedy was limited to an appeal to the Commissioner of Education, and only after the Commissioner’s ruling could there be an application to the court for a review, if such determination were arbitrary or unlawful (Matter of Pacos v. Hunter, 29 Misc 2d 404; Lewis v. Smith, 109 Misc. 694, affd. 190 App. Div. 884; Brooks v. Wyman, 220 App. Div. 204, affd. 246 N. Y. 534; Mullooly v. U. F. S. D. No. 8, 20 Misc 2d 795; Finley v. Spaulding, 274 App. Div. 522; Markert v. Wilson, 284 App. Div. 1086).
*128 The court is mindful of the authorities cited by petitioners to support their contention that the court has concurrent jurisdiction with the Commissioner, and therefore may entertain this application. However, these cases are clearly distinguishable since, in essence, the facts in each of said cases pertain to the exercise of statutory power and the interpretation of statutes, or the question of whether a meeting was legally called. Concededly such issues can be reviewed in the first instance by the court. In the instant case, such issues are not present since statutory interpretation is not involved, and the petitioners in their brief state that the requirements of the law with respect to notice of the meeting were observed. What is involved here is the conduct of the meeting and of the voting, and possibly the actions of the officers of such meeting, and these specifically are solely within the jurisdiction of the Commissioner of Education for review in accordance with section 2037 of the Education Law.
Accordingly the motion to dismiss is granted, and the petition is dismissed.