Lawrence H. Cooke, J.
In this proceeding instituted pursuant to article 78 of the Civil Practice Act, petitioners seek to annul and set aside “ so much of an order made by the Respondent Commissioner of Education and dated June 25, 1963, which consolidated School District No. 18 of the Town of Wallkill, Orange County, New York, with the Middletown City School District ”. The matter comes before this court at this time by stipulation entered into by the attorneys for the parties.
It appears that at an adjourned annual meeting of Common School District No. 18 of the Town of Wallkill, Orange County, held on June 3, 1963 a motion to consolidate said district with the City School District of the City of Middletown was carried, that the Board of Education of said City School District adopted a resolution consenting to same on June 24, 1963 and that on June 25, 1963 respondent Commissioner of Education made an order consolidating said Common School District (and others) with said City School District, same to take effect on July 1,1963. It further appears that a special district meeting of said Common School District was held on June 28,1963 at which a motion to rescind said district’s action in regard to consolidation as taken at the meeting of June 3,1963 was carried.
Basically, it seems to be petitioners’ contention: that the proposition for consolidation was presented at the meeting of June 3 in an ambiguous manner and that same should be resubmitted ; that the provisions of section 1526 of the Education Law were applicable and were not followed; that the Commissioner’s action was arbitrary, capricious and improper; that the vote for rescission at the June 28 meeting removed the basis for the Commissioner’s order and made it a nullity and that the attempted consolidation which has taken place constitutes a deprivation of rights without due process of law.
Section 1524 of the Education Law provides in part: “ 1. Notwithstanding the provisions of this chapter or any other general, special, or local law to the contrary, whenever the qualified voters of a school district which is contiguous to the city school district of a city with less than one hundred twenty-five thousand inhabitants, according to the latest federal census, by a majority vote taken at an annual or special meeting of such district shall adopt a proposition to consolidate such school district with such city school district, and the board of education of such city school district shall by resolution duly adopted consent thereto, the commissioner of education may by order consolidate such school district with such city school district ”. Common School District No. 18 was contiguous to said City School District (see paragraph “ twenty-second ” of answer of respondent Commis *754 sioner and paragraph “2” of reply thereto; Richardson, Evidence [8th ed.], §§ 33, 45; Fisch, New York Evidence, § 1050). The qualified voters of said Common School District by majority vote taken at an annual meeting thereof adopted a proposition to consolidate and the Board of Education of the City School District of the 'City of Middletown adopted a resolution consenting thereto. Therefore, as a reading of said portion of section 1524 so clearly indicates, the action of the Commissioner of Education in ordering the consolidation was not illegal and he had the legal power to act.
‘The provisions of section 1524 are in addition to those of section 1526 of the Education Law, as is obvious from the first clause of the former. Consolidation under section 1524 is initiated by the school district which is contiguous to the city school district; under section 1526, it is set in motion by the action of the Commissioner of Education by an order laying out an area. Clearly, the procedure outlined under section 1524 was followed and said section, rather than 1526, applies here.
It is argued on behalf of the respondent Commissioner that section 1524 contains no provision for a revote and that this omission, in the light of subdivision 16 of section 1526, subdivision 2 of section 1802 and subdivisions 9 and 10 of section 1803 of the Education Law, is significant. However, section 2021 of the Education Law which provides in part: ‘ ‘ The inhabitants entitled to vote, when duly assembled in any district meeting, shall have power, by a majority of the votes of those present and voting: * * * 14. To alter, repeal and modify their proceedings, from time to time, as occasion may require.” In Matter of Saums (Case No. 5868, 74 N. Y. S. Dept. Rep. 134, 135 [1953]) the Commissioner of Education held: “Furthermore, the statute specifically authorizes a school district meeting to repeal or modify any of its action at the same meeting or at a later meeting. (Education Law, section 2021, subdivision 14).” But, similarly as to an offer to contract and its acceptance, common sense dictates that subdivision 14 of section 2021 of the Education Law does not give the right to a school district to repeal its action in adopting a proposition to consolidate after said adoption has been acted upon by the adoption of a resolution of consent by the Board of Education of a city school district and the order of consolidation by the Commissioner. To rule otherwise would be to invite chaos in school district organization. It was never intended that a school district might veto or nullify the action of the Commissioner of Education in such a fashion.
*755 In regard to the claim that the Commissioner acted arbitrarily and capriciously, the test to be applied is set forth by the Appellate Division in Matter of Board of Educ. of Union Free School Dist. v. Spaulding (277 App. Div. 809, 810, affg. 196 Misc. 239 and affd. 303 N. Y. 107), in which it was held: “ It is alleged that the determination thus to divide the complaining union free district is arbitrary. But no facts are pleaded which would establish, if proved on a hearing, that no reasonable man would have laid out this territory as a central school district. This is the ultimate judicial test to be applied to an administrative determination of this kind. It is not enough to argue or prove that something else would have been preferable or more desirable, or that a court would have made the decision differently. The power to decide rests by law in the commissioner and only an abuse of that power would invite judicial interference. ” (See, also, Matter of Board of Educ. v. Cole, 176 Misc. 509, 511.) Suffice it to state that here petitioners plead no facts which would establish, if proved on a hearing, that no reasonable man would have ordered consolidation. Indeed, the Master Plan for School District Reorganization in New York State, as revised in 1958 pursuant to section 314 of the Education Law and section 4 of article V of the State Constitution, provides for the addition of Common School District No. 18 of the Town of Wallkill, Orange County, and others, to the City School District of the City of Middletown (p. 533).
The mere fact that the Commissioner of Education made the order of consolidation on June 25, 1963, three days before the meeting held on June 28,1963, and the next day after the Board of Education in Middletown gave its consent, does not indicate that his action was arbitrary. It cannot be said that no reasonable man would have done so in view of the fact that the Board of Education of the Middletown District was required to adopt its budget on or before the close of the fiscal year which was June 30, 1963 or only five days therefrom (Education Law, §§ 2519, 2515, subd. 7). This gave very little time for the consideration and adoption of the budget by the city board, in any event, and, furthermore, there was no certainty of the action that would be taken at the meeting of June 28.
In Matter of Soergel v. Allen (10 A D 2d 767, affd. 9 N Y 2d 633, cert. den. 368 U. S. 2) it was held: “ Such facts as a close vote on consolidation, increase in school taxes, inconvenience to pupils and other complaints from individuals, groups and school districts opposed to change have been before this court on many occasions. We have no control over the decision of the Com *756 missioner as long as he carries out the laws as enacted by the Legislature. (Matter of Board of Educ. v. Allen, 6 A D 2d 316, affd. 6 N Y 2d 871.) ” In Matter of Board of Educ. v. Allen (6 A D 2d 316, affd. 6 N Y 2d 871, app. dsmd. 361 U. S. 535) the Appellate Division stated (p. 323): “It is further argued that convenience is not promoted by including Brookville in the district; but this seems to us to be a question of sound administrative judgment and a question which the Commissioner surely is more competent to decide than the court. We are not able to hold, surely, that his determination is arbitrary in this respect.”
Petitioners complain about the conduct of the election resulting in the adoption of the proposition to consolidate at the meeting of June 3. Section 2037 of the Education Law, entitled “ Determination of meeting or election disputes ”, reads: “ All disputes concerning the validity of any district meeting or election or any of the acts of the officers of such meeting or election shall be referred to the commissioner of education for determination and his decisions in the matter shall be final and not subject to review. The commissioner may in his discretion order a new meeting or election.” In Matter of Markert v. Wilson (284 App. Div. 1086, 1087) it was stated: “ Insofar as the petitioner seeks a review of the action of the school district meeting, he is barred by section 2037 of the Education Law which vests in the respondent exclusive jurisdiction over all disputes concerning the validity of any school district meeting and the acts of the officers thereat. (Finley v. Spaulding, 274 App. Div. 522.) If he felt aggrieved by any ruling at the meeting or if he wished to question its validity, the petitioner’s remedy was to appeal to the respondent within the time prescribed. ’ ’ In Finley v. Spaulding (274 App. Div. 522, 526) it was held: “ The very purpose of this law is to settle expeditiously and permanently election issues in order that the children of the area involved will receive uninterrupted education facilities. * * * In our opinion the Supreme Court has no jurisdiction to decide the controversy; that duty is cast upon the Commissioner of Education. In view of our conclusion it is neither necessary nor proper to pass upon the question as to whether the proposition was adopted or rejected.” (See, also, Matter of Beam v. Wilson, 279 App. Div. 277; Johnson v. Parsons, 207 Misc. 107, affd. 285 App. Div. 601.)
There has not been a factual pleading sufficient to indicate that the acts of the Commissioner of Education were illegal, arbitrary or capricious, nor has a triable issue in regard thereto been raised, and the petition must be dismissed. (See Matter of Clark v. Allen, 7 A D 2d 144, 146; Matter of O’Brien v. Commissioner of Educ., 3 A D 2d 321, 326.)