Henry Tasker, J.
Plaintiffs, taxpayers and voters residing in Central School District No. 7, Town of Islip, bring this tripartite action for declaratory judgments, an injunction and other relief. Defendant Board of Education moves to dismiss the three causes of action set forth in the complaint, pursuant to 3211 (subd. [a], pars. 2, 5, 7) Civil Practice Law and Buies. Plaintiffs cross-move for summary judgment pursuant to subdivision (c) of 3211 Civil Practice Law and Buies.
The first cause of action alleges that Central School District No. 7, formerly Consolidated Union Free School District No. 7, was originally composed of two separate union free school districts which were consolidated in May of I960, pursuant to sections 1510 to 1513 of the Education Law. On June 3, 1960, the Commissioner of Education entered an order pursuant to section 1801 of the Education Law, laying out the territory of the newly consolidated union free school district as a central school district; thereafter, Central School District No. 7 was *45 duly organized. Plaintiffs contend that the organization of the newly consolidated union free school district into a central school district within a month after consolidation violates subdivision 5 of section 1523 of the Education Law and that the centralization meeting of June 23, 1960 was not organized as provided by law nor was the requisite notice thereof given. They ask for a declaratory judgment to this effect.
The second cause of action alleges that the consolidation of the two former union free school districts had no legal or proper purpose; that the consolidated district was formed only for the purpose of consolidating the debt burdens of both districts (Education Law, § 1517, 1518); and that the taxpayers and voters of former District No. 7 were deprived of property rights in violation of the Federal and State Constitutions and have been subjected to illegal taxes not levied in accordance with subdivisions 5 and 6 of section 1804 of the Education Law. Plaintiffs pray for a judgment to this effect, and request the appointment of a Referee pursuant to 4317 Civil Practice Law and Rules to make an allocation of the property rights and debt burdens of the former districts.
The third cause of action alleges that defendant Board of Education has discontinued the use of certain elementary school buildings in the centralized district and is transferring and transporting pupils among the buildings in the former separate districts, in violation of section 1805 of the Education Law.
A declaratory judgment of illegality is sought, as well as an order enjoining such illegal transfers of pupils.
Defendant’s motion to dismiss pursuant to 3211 (subd. [a], par. 2) Civil Practice Law and Rules is based on the proposition that the court is without jurisdiction of the subject matter of the claims herein by reason of section 2037 of the Education Law. Defendant also contends, pursuant to subdivision (a) of 3211 Civil Practice Law and Rules, that the within causes of action for declaratory judgments do not lie, because of the availability of remedies under section 2037 of the Education Law, and also former article 78 of the Civil Practice Act (CPLR art. 78).
With respect to the first and second causes of action, both the claim of want of jurisdiction over the subject matter and the claim that actions for declaratory judgments do not lie, are without substance, except as applicable to one of the grounds set forth in the first cause of action. An appeal to the Commissioner of Education is, in the first instance, the exclusive remedy where the validity of a district meeting or the proceedings thereat are in dispute (Education Law, § 2037; Finley v. *46 Spaulding, 374 App. Div. 522; Markert v. Wilson, 284 App. Div. 1086; Johnson v. Parsons, 207 Misc. 107, affd. 285 App. Div. 601; Matter of Colson v. Allen, 285 App. Div. 797; Guariglia v. De Furio, 34 Misc 2d 200; French v. Pospisil, 39 Misc 2d 126). Accordingly, as to the allegations of paragraph “ Eighth ” of the complaint, this court is without jurisdiction in the first instance to pass on such contention.
Notwithstanding the foregoing, where the questions presented involve violation of an express statute, as claimed in the first cause of action (Cottrell v. Board of Educ., 181 Misc. 645, affd. 267 App. Div. 817, affd. 293 N. Y. 792; Bromley v. Miller, 243 App. Div. 220, 270 N. Y. 307; City of New York v. Porter, 274 App. Div. 832, affd. 299 N. Y. 587; Corbett v. Union Free School Dist. No. 21, 102 N. Y. S. 2d 924; cf. Matter of Leone v. Hunter, 21 Misc 2d 750; cf. Matter of Pacos v. Hunter, 29 Misc 2d 404, affd. 14 A D 2d 990; cf. French v. Pospisil, supra) or where questions of the validity or the constitutionality of statutes, or of acts of administrative officials, are raised (Johnson v. Parsons, supra; Monaco v. Allen, 5 A D 2d 743; cf. Bunis v. Conway, 17 A D 2d 207), direct resort may he had to judicial remedies, specifically to an action for a declaratory judgment. Both consolidation and centralization involve multiple acts on the part of the Commissioner of Education, the District Superintendent of Schools, and the boards and electors of the school districts. An action for declaratory judgment is the appropriate vehicle for assertion of plaintiffs’ rights and, indeed, perhaps the only method of bringing the entire controversy before the courts (Gwynee v. Board of Educ., 259 N. Y. 191; Cottrell v. Board of Educ., supra; Levert v. Central School Dist. No. 6, 24 Misc 2d 833,10 A D 2d 975.)
With respect to the third cause of action, it is settled that the court has jurisdiction of the subject matter and that an action for a declaratory judgment is the proper remedy. (Levert v. Central School Dist. No. 6, 10 A D 2d 975 and, on remand, 24 Misc 2d 833.) The motion pursuant to 3211 (subd. [a], par. 2) Civil Practice Law and Buies must be granted as to the first cause of action, to the extent indicated, and otherwise denied.
Turning to defendant’s attack upon the complaint on the ground of insufficiency, the remaining gravamen of the first cause of action is that centralization followed too hastily upon consolidation’s heels in violation of subdivision 5 of section 1523 of the Education Law. The May, 1960 consolidation of the two existing districts was had pursuant to sections 1510 through 1513 of the Education Law. A careful reading and comparison of the provisions of the cited sections shows clearly that the *47 procedures are distinct and separate. In a well-reasoned opinion dealing with the application of former section 1524 of the Education Law, the Commissioner of Education pointed up the disparity between sections 1510 to 1513 and sections 1522 to 1523 and carefully analyzed the legislative history of each group of sections. (Matter of Capossela, N. Y. S. Dept. Rep. 8 [1953].) The cited case is determinative of plaintiffs’ contention. Subdivision 5 of section 1523 is inapplicable. The first cause of action is insufficient as a matter of law, and is accordingly dismissed.
As to the second cause of action, the Education Law does not prohibit consolidation of two existing districts immediately prior to centralization. There is no illegality per se in such procedure (see Matter of Board of Educ. v. Wilson, 303 N. Y. 107). The conclusory allegations of unconstitutionality and illegality are insufficient (Matter of Board of Educ. v. Allen, 6 A D 2d 316, affd. 6 N Y 2d 871, app. dsmd. 361 U. S. 535; Matter of Ogden, 40 Misc 2d 752; cf. Clark v. Allen, 7 A D 2d 144).
The only steps in the consolidation procedure which may be here attacked are the validity of the original request for consolidation pursuant to subdivision 1 of section 1511 of the Education Law and the Commissioner’s approval of the proposed consolidation. There is nothing in the matter pleaded which, directly or by fair inference, asserts the invalidity or illegality of either of the foregoing. The second cause of action takes no specific issue with the Commissioner’s approval of the proposed consolidation (cf. Matter of Neary v. Allen, 33 Misc 2d 548, affd. 16 A D 2d 853; cf. Matter of Soergel, 10 A D 2d 767, affd. 9 N Y 2d 633, cert. den. and app. dsmd. 368 U. S. 2; Matter of Peterson v. Allen, 9 Misc 2d 680; Matter of Ogden, supra; Matter of Board of Educ. v. Wilson, 303 N. Y. 107, affg. 277 App. Div. 809, supra). Similarly, no contention is made that the original request by the electors of the district or districts for a consolidation meeting (§ 1511, subd. 1) was in any wise invalid (cf. Bramley v. Miller, supra).
The second cause of action, as presently pleaded, fails to state a claim upon which relief may be granted. Defendant’s motion pursuant to 3211 (subd. [a], par. 7) of the Civil Practice Law and Buies is sustained.
Although the third cause of action states a valid claim for relief on the face thereof its sufficiency in law depends on the second cause of action. If the existing separate districts were validly consolidated into one district prior to centralization, section 1805 of the Education Law is inapplicable by its terms. The third cause of action is likewise dismissed; leave to replead *48 is granted if plaintiffs obtain such leave with respect to the second cause of action.
Defendant’s motion pursuant to 3211 (subd. [a], par. 2) Civil Practice Law and Buies is granted to the extent indicated; otherwise denied. The motion pursuant to 3211 (subd. [a], par. 5) Civil Practice Law and Buies is denied. The motion pursuant to 3211 (subd. [a], par. 7) Civil Practice Law and Buies is granted and all three causes of action are dismissed without prejudice to an application for leave to replead, if plaintiffs be so advised.
Plaintiffs’ cross motion for summary judgment is perforce denied.