In the Matter of LUCILLE OGDEN et al., Constituting the Board of Trustees of Common School District No. 18 of the Town of Wallkill, et al., Appellants, *v.* JAMES E. ALLEN, JR., as Commissioner of Education of the State of New York, et al., Respondents.

Third Department, April 30, 1964.

*Louis B. Scheinman* for appellants.

*John P. Jehu, Charles A. Brind, Elizabeth M. Eastman, George B. Farrington* and *Louis H. J. Welch* for James E. Allen, Jr., respondent.

*Jacob E. Gunther* for City School District of the City of Middletown, respondent.

HERLIHY, J.  A summary statement of the facts discloses that in 1962 the Commissioner of Education, pursuant to section 1526 of the State Education Law, attempted to consolidate certain common school districts — including District No. 18 — with the Middletown City School District.  After the required notice of the purpose of the meeting was given, pursuant to the section, the vote of District No. 18 was against consolidation.

For many years, as authorized by votes at the annual meetings, the high school students from District No. 18 had gone to Middletown, but for the year 1962–63 they were sent to Otisville.  In May of 1963 the school district gave notice of the time and place of the annual meeting (§ 2003) which was adjourned on several occasions pending notification as to whether these students could again go to Otisville.  Other business usually taken up at the annual meeting was likewise postponed.  At one of these meetings there was discussion concerning consolidation and at the adjourned meeting on June 3, final plans for the high school students not having been completed, there was written on a blackboard the following: '' MOTION TO GO TO MIDDLETOWN VOTE YES OR NO '' and the proposition was carried by a vote of 28 to 26.  The trustees did not transmit a copy of the motion to the Commissioner of Education or the Middletown Board of Education and when, through the

medium of the newspapers, the voters of the district learned that there had been a vote to consolidate, a petition was immediately circulated, directing the trustees to call a special meeting to reconsider such action. Telegrams and letters were forwarded to the Commissioner of Education notifying him of a special meeting on June 28 to reconsider the vote and asking his indulgence until that time.

On June 24 the Middletown Board of Education adopted a resolution consenting to the consolidation which was transmitted to the Commissioner at Albany and on June 25 he made an order of consolidation, effective on July 1, pursuant to section 1524 of the Education Law.

The meeting of the school district was held as scheduled and resulted in a rescinding of the prior motion by a vote of 56 to 24. After the June 28 meeting the Commissioner was requested to rescind his order of consolidation.

It is not claimed that there was an appeal to the Commissioner, pursuant to section 2037 of the Education Law, but it should be noted that the Commissioner, through his subordinates, replied to the communications of the school trustees and stated that there " is no specific provision in the law for a referendum to reverse a vote taken in a district " such as here. The Commissioner, on occasions, has determined that this section means that the procedural aspects of a school meeting may not be challenged. (*Matter of Maxon,* 76 N. Y. St. Dept. Rep. 53, 54.)

On July 26, 1963 an order was obtained directing the Commissioner to appear on the 9th of August to show cause why his order of consolidation should not be annulled.

Special Term dismissed the petition, stating that the validity of the action taken at the June 3 meeting was subject to review and resolution by the Commissioner pursuant to section 2037 of the Education Law. The court further determined that while subdivision 14 of section 2021 of the Education Law authorized the district voters to repeal or modify earlier transactions, such provision did not apply to the present facts, rationalizing that when a school district voted to consolidate and it had been consented to by the Board of Education and the order signed by the Commissioner, it is similar " to an offer to contract and its acceptance " and to allow reconsideration " would invite chaos in school district organization ". (40 Misc 2d 752, 754.) This would be true had there been a material change in position concerning any of the parties. A cardinal rule of an enforcible contract requires that there be a meeting of the minds of the parties.

Consolidation, pursuant to section 1524 of the Education Law, by a district, such as here, is decided by a majority vote. *So far as we are apprised, this section has never been utilized.* The giving of notice is an anomalous situation. Section 1524, contrary to all other pertinent sections of the law, does not provide that notice be given of the vote for consolidation and the annual meeting of the district requires no specific notice as to the purposes thereof. The people who attended the June 3 meeting, therefore, had no notice that a vote for consolidation would be taken. While the lack of notice requirements provides a serious question as to the validity of section 1524, we do not base our reversal on that factor, rather, *under the peculiar circumstances of this case* we find that subdivision 14 of section 2021 was properly utilized to rescind the action taken at the June 3 meeting. The section is captioned '' Powers of voters '' and lists 21 subdivisions having to do with the administration of a school district subject to the vote of the inhabitants and states: '' The inhabitants entitled to vote, when duly assembled in any district meeting, shall have power, by a majority of the votes of those present and voting: * * * 14. To alter, repeal and modify their proceedings, from time to time, as occasion may require.'' Such a meeting is a special meeting for which notice is required. The notice was given for the June 28 meeting. (Education Law, § 2006.)

The Commissioner argues that the subdivision is not applicable to section 1524 because that section contains no directive or authorization relating to a revote thereunder; but the Commissioner, in another case involving the purchase of school buses, determined that a district had a right to revote on such a proposition and stated: '' Furthermore, the statute specifically authorizes a school district meeting to repeal or modify *any of its action* at the same meeting or at a later meeting. (Education Law, section 2021, subdivision 14) '' [emphasis supplied]. (*Matter of Saums,* 74 N. Y. St. Dept. Rep. 134, 135.) Moreover, since the provisions of section 1524 are to be carried out at the annual or special meeting, the overriding application of subdivision 14 of section 2021, which is applicable to '' any '' district meeting, should be given effect.

A pertinent decision interpreting this section concerns the resubmission to the voters of a proposition to purchase property for a school site. In *Matter of Flinn* (154 N. Y. S. 2d 124, 126) the court said: '' A Board of Education may, of course, resubmit a proposition at any time to the voters of a school district in a proper case, where error, fraud or misunder-

standing was present originally, or new factors have arisen after the first vote ".

That there was a misunderstanding at the June 3 meeting as to the purpose of the vote is demonstrated by affidavits attached to the petition in a number sufficient to have altered the vote as to consolidation, assuming the signers thereof were opposed to it. Moreover, there was a distinct likelihood that there would be confusion, not only because of the lack of notice that there would be such a vote, but also because the proposition as it was presented at the meeting could have been taken to pertain to the disposition of the high school students for the ensuing year. Democratic process requires, in such circumstances, an opportunity for the voters to alter their votes and subdivision 14 is the legal authorization " as occasion may require ".

In our opinion, the proceedings at the meeting of June 28, taken prior to the effective date of the Commissioner's order, were proper and the vote to rescind the resolution of the June 3 meeting was legal and effective.

There remains the question whether, under the circumstances — telegrams, letters and other notices to the Commissioner of the June 28 meeting — the order of consolidation should have been signed prior to the June 28 meeting.

The Commissioner, in justification of his action, states that because of budgetary requirements, it was necessary to have the order effective as of July 1. We note from the brief of the department, with reference to the same school consolidation, that District No. 10 became consolidated by an order of the Commissioner effective September 1, 1962.

Since we have determined that subdivision 14 of section 2021 of the Education Law was applicable to the June 28 district meeting, the Commissioner, who signed the order as a result of his misinterpretation of the law, was legally bound to recognize the rescission consummated by the voters before the effective date of his order. The act of the Commissioner, under such circumstances, was arbitrary and capricious. (*Matter of Ross* v. *Wilson*, 308 N. Y. 605, 617.)

While the contention of the Commissioner that the best interests of the pupils will be served by consolidation is highly persuasive, it in no way affects the merits of this case. The Commissioner has held that a statement by a school board " for the best interests of the public " is meaningless. (*Matter of Scott*, 74 N. Y. St. Dept. Rep. 135.)

This decision, occasioned by peculiar facts and circumstances, should not be considered a precedent to overrule our prior

decisions concerning consolidation after notice (e.g., *Matter of Kuhn* v. *Commissioner of Educ.*, 1 A D 2d 533; *Matter of Soergel* v. *Allen*, 10 A D 2d 767; *Matter of Schreiner* v. *Allen*, 13 A D 2d 871, mot. for lv. to app. den. 10 N Y 2d 707; *Matter of Gallant* v. *Commissioner of Educ.*, 14 A D 2d 633; *Matter of Lush* v. *Commissioner of Educ.*, 16 Misc 2d 137, affd. 8 A D 2d 644, mot. for lv. to app. den. 7 N Y 2d 712, app. dsmd. 745). These cases did not involve section 1524 of the Education Law and were dispositive of procedural aspects of school meetings called for consolidation purposes.

The order of Special Term should be reversed on the law and the facts, and the determination of the Commissioner annulled as to School District No. 18.

GIBSON, P. J., and AULISI, J., concur; REYNOLDS and TAYLOR, JJ., dissent and vote to affirm.

Order of Special Term reversed, on the law and the facts, and the determination of the Commissioner annulled, with $50 costs.