Louis G. Bruhn, J.
This is an article 78 proceeding brought on originally by a notice of petition and petition. The notice asks ‘ ‘ for a judgment granting the relief demanded in the petition.” Thereafter an amended petition was served which demanded “ that a judgement be entered against the respondent declaring that part of said decision, which fails to set aside said election held by said Board of Education, to be annulled, and directing respondent to set aside said election and to order said Board of Education to conduct a new election forthwith, together with such other and further relief as the Court may deem just and proper, together with the costs and disbursements of this proceeding.”
Respondent Commissioner of Education James E. Allen has, in turn, moved for an order pursuant to CPLR 7804 (subd. [f]), dismissing the petition upon the grounds that the petition and amended petition together do not state facts sufficient to constitute a cause of action and for such other and further relief as to this court may seem just and proper.
Briefly the facts are these. An election was held in the Niskayuna School District to fill a vacancy on the Board of Education. The voting machines used still retained the political designations beside the horizontal rows that, apparently, had been there for the preceding general election. The petitioner’s name was generally opposite the Conservative Party name and symbol, and petitioner was unsuccessful in his candidacy. Peti *269 tioner appealed said election to the Commissioner of Education, raising therein alleged irregularities in the election besides the one just mentioned. By decision of August 26, 1968, the appeal was dismissed.
Section 2037 of the Education Law provides in part as follows : 1 ‘ All disputes concerning the validity of any * * * election * * * shall be referred to the commissioner of education for determination and his decisions in the matter shall be final and not subject to review.”
Such matters can, however, be reviewed by the court, ‘ ‘ if such determination were arbitrary or unlawful. ’ ’ (Matter of French v. Pospisil, 39 Misc 2d 126, 127.)
The issue in matters such as these is aptly stated in Matter of Rothstein (5 N. Y. Educ. Dept. Rep. 77, 79) where the Commissioner said: ‘ ‘ The basic question presented in cases involving district meetings and elections is not whether all of the technicalities prescribed by statutes have been adhered to rigorously but rather whether the voters of the school district have been given a fair opportunity to express their choice in a democratic' fashion.”
The Commissioner there then went on and stated: “ It does not appear from the record before me that anyone was in fact disenfranchised by the actions complained of in this appeal, nor that the result of the meeting and election did not accurately reflect the wishes of the voters.”
In the decision which is herein appealed the Commissioner stated: “ There is no proof in the record that a single voter was either misled or confused by the presence of these party-political indicia. Generally speaking, a great majority of the school district electorate is cognizant of the non-political nature of school district meetings and elections. There is nothing to indicate that "this was not the case in this election which, after all, is not the first election in this district, which was established in 1953. The defect was more technical than actual.”
An examination of the papers submitted on these motions would lead this court to the same conclusion as stated by the Commissioner that there are no allegations to demonstrate that even one voter was misled or disenfranchised by the political party indicia which were allowed to remain on the voting machines.
In view of the same and in view of the fact that subdivision 2 of section 2032 of the Education Law has no express prohibition against political party designations and in view of the fact of subdivision 6 of section 2032 of the Education Law, which provides in part that “ If official ballots are not furnished * * * *270 an election * * * shall not he declared invalid or illegal because of the use of ballots which do not conform * * * provided the intent of the voter may be ascertained from the use of such irregular or defective ballots and such use was not fraudulent and did not substantially affect the result ’ ’, this court could find nothing “ arbitrary or unlawful ” in the Commissioner’s decision, and thus his motion to dismiss the petition and amended petition is hereby granted, without costs.